HARRY M. LASKER, INC., Appellant, *v.* MUTUAL BANK OF ROSEVILLE, Respondent.

First Department, May 19, 1922.

Corporations — banks and banking — action by assignee of trustee in bankruptcy of corporation to recover amount of check payable to corporation misappropriated by officers — personal indorsement of officers on check following corporate indorsement not notice to bank of unlawful use of check — such fact did not put bank on inquiry — bank not liable.

A bank on which a check is drawn payable to a corporation is not liable to the assignee of the trustee in bankruptcy of the corporation for the amount of the check which was misappropriated by the officers thereof, where it appears that the check was indorsed in the name of the corporation by the president and secretary, and that, following said indorsement, there appeared the individual indorsements of the officers.

The indorsement by the officers, individually, was not sufficient to charge the bank with notice that the check had been diverted by them to their own use, nor was that fact alone sufficient to put the bank upon inquiry and to charge it with any fact such inquiry would have disclosed.

APPEAL by the plaintiff, Harry M. Lasker, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of April, 1922, granting defendant's motion to vacate an attachment.

*Pitkin, Rosensohn & Henderson* [*Julius Weiss* of counsel], for the appellant.

*Clark, Reynolds & Hinds* [*Leonard J. Reynolds* of counsel; *Edward F. Clark* with him on the brief], for the respondent.

PAGE, J.:

The action is for a conversion of a check drawn by the plaintiff on the Gotham National Bank and payable to the B. & B. Motor Sales Corporation in the amount of $7,378.   The check was deliv-

ered to Max Vaz, the secretary of the B. & B. Motor Sales Corporation. The check was certified and two days after its date was presented to the Gotham National Bank and paid. It then bore the following indorsements: "B. & B. Motor Sales Corp., L. W. Brown, Pres., Max Vaz, Sec.," "L. W. Brown," "Max Vaz," "Max Simon," and the indorsement by means of which the check was passed through the banks for collection on behalf of the defendant. The defendant received the proceeds of this check and credited the same to the account of its depositor, who had withdrawn the greater portion of the proceeds thereof prior to any actual notice to the defendant that there was any claim of wrongdoing in reference to its negotiation. The B. & B. Motor Sales Corporation was thereafter duly adjudicated a bankrupt in the United States District Court for the District of New Jersey. The trustee in bankruptcy of the said corporation has assigned to the plaintiff all the right, title and interest of the B. & B. Motor Sales Corporation or of the estate in bankruptcy of said corporation, in and to any causes of action which said corporation or estate has or may have against any and all indorsers, indorsees, assignees, and/or transferees of the said check or the proceeds thereof.

The defendant is a foreign corporation, and the plaintiff caused an attachment to be issued against the defendant's property upon affidavits showing the foregoing facts, and the affidavit of the trustee in bankruptcy that the books and records of the said corporation do not show that the said check was ever deposited to the account of the said corporation, or that any of the proceeds of said check were ever paid to the said corporation or to the receiver or trustee in bankruptcy of said corporation, or were ever employed for any corporate purpose.

The defendant, appearing specially for that purpose, moved to vacate the attachment for the insufficiency of the papers on which it was granted.

The question in the case resolved itself simply into this: Was the fact that the check was indorsed, in addition to the corporate indorsement, by the two officers individually, sufficient to charge the defendant with notice that the check had been diverted to their own use?

Mr. Justice LEHMAN's opinion at Special Term satisfactorily discusses and answers this question, and we should not think it necessary to express any further opinion, were it not for the claim of the appellant's counsel that this case is controlled by *Wagner Trading Co.* v. *Battery Park Nat. Bank* (228 N. Y. 37). In fact he states that the complaint in the instant case was modeled upon the complaint in that case. The *Wagner* case is, in my opinion, clearly to be distinguished from the instant case. Wagner was the

president of the corporation, he indorsed fifteen checks that were payable to the corporation " Wagner Trading Company, C. J. Wagner, Pres.," and deposited them to the credit of his personal account in the defendant bank. The court said that Wagner had authority to indorse the checks, but only for the purpose of the corporation's business, and not to transfer the checks personally or for his personal use, and continued: " When it [defendant] accepted the checks payable to the plaintiff and indorsed by Wagner as president of the plaintiff for deposit to the account of Wagner himself, it did so at its peril to ascertain whether Wagner had authority to indorse them and by his indorsement transfer the money to be paid thereon to his personal account." The bank had notice that Wagner was appropriating a check, payable to the corporation, to his own use, and a reasonably prudent person would have inquired as to his authority.

The mere fact that the check bore the personal indorsement of the officers of the corporation did not show an appropriation of the proceeds thereof to their own personal use, nor was that fact alone sufficient to put the defendant upon inquiry and charge it with knowledge of any fact such inquiry would have disclosed.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.