HARRY M. LASKER, INC., Appellant, v. MUTUAL BANK OF ROSEVILLE, Respondent.

*Bills, notes and checks — attachment — when indorsement of check payable to corporation by officers individually in addition to corporate indorsement not sufficient to charge drawee with notice that proceeds of check had been diverted to use of officers — when attachment properly vacated.*

*Lasker, Inc.,* v. *Mutual Bank of Roseville,* 201 App. Div. 333, affirmed.

(Argued October 4, 1922; decided October 24, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1922, which affirmed an order of Special Term granting a motion to vacate an attachment against property of a foreign corporation. The action is for a conversion of a check drawn by the plaintiff on the Gotham National Bank and payable to the B. & B. Motor Sales Corporation in the amount of

$7,378. The check was delivered to Max Vaz, the secretary of the B. & B. Motor Sales Corporation. The check was certified and two days after its date was presented to the Gotham National Bank and paid. It then bore the following indorsements: " B. & B. Motor Sales Corp., L. W. Brown, Pres., Max Vaz, Secretary," " L. W. Brown," " Max Vaz," " Max Simon," and the indorsement by means of which the check was passed through the banks for collection on behalf of the defendant. The defendant received the proceeds of this check and credited the same to the account of its depositor, who had withdrawn the greater portion of the proceeds thereof prior to any actual notice to the defendant that there was any claim of wrongdoing in reference to its negotiations. The B. & B. Motor Sales Corporation was duly adjudicated a bankrupt in the United States Court for the District of New Jersey. The trustee in bankruptcy of the said corporation has assigned to the plaintiff all the right, title and interest of the B. & B. Motor Sales Corporation or of the estate in bankruptcy of said corporation, in and to any causes of action which said corporation or estate has or may have against any and all indorsers, indorsees, assignees, and or transferees of the said check or the proceeds thereof. The question was whether the fact that the check was indorsed in addition to the corporate indorsement, by the two officers individually, was sufficient to charge the defendant with notice that this check had been diverted to their own use.

The following question was certified: " Do the papers upon which the attachment herein was granted state facts sufficient to show a cause of action against the defendant? "

*Julius Weiss* for appellant.

*Leonard J. Reynolds* and *Edward F. Clark* for respondent.

Order affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.