REUBEN EPSTEIN, Plaintiff, *v.* CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY and Others, Defendants.

City Court of New York, New York County, December 3, 1930.

*Charles Eno,* for the plaintiff.

*Kaye, McDavitt & Scholer,* for the defendant Chatham Phenix National Bank and Trust Company.

*Paul E. Mead,* for the defendant Irving Trust Company.

*Maurice Hotchner,* for the defendant Peoples Bank of Hawthorne.

STEUER, J. Plaintiff as administrator sues on a check for $2,000 drawn by plaintiff's intestate on the Chatham Phenix National Bank and Trust Company (hereinafter referred to as Chatham Bank) to the order of " Monitor Piece Dye Works." The check was indorsed " Monitor Piece Dye Co., Joseph Carroll, Pres.," and beneath that " For deposit Joseph Carroll." This check was deposited by Carroll in the Peoples Bank of Hawthorne, where Carroll had his personal account. This bank sent the check to the Irving Trust Company for collection, which institution presented the check to the Chatham Bank. The check was paid and Carroll subsequently checked out the proceeds for his own purposes. Suit was brought against the Chatham Bank on the theory that the indorsement was a forgery, which bank served a cross-complaint on the Irving Trust Company, which bank in turn brought in the Peoples Bank of Hawthorne.

In the course of the first trial, which resulted in a disagreement of the jury, plaintiff abandoned the theory of forgery and by permission served an amended complaint on all of the defendants on the theory of diversion of funds participated in by all of them. The proof at the trial raised an issue of fact as to whether the check was given to Carroll as a personal loan or as a payment on account of Epstein's indebtedness to the Monitor Piece Dyeing Company. The jury found the latter to be the fact, and no reasonable dispute can be found with that determination. The facts then established are that plaintiff's intestate gave the check to a corporation to pay a debt due the corporation, the proceeds of which check were wrongfully used by an officer of that corporation for his personal ends. Plaintiff also showed that he was compelled by the receiver of the corporation to pay the debt over again. The question of the responsibility of the defendants to the plaintiff in this action was not left to the jury, as there were no disputed facts in connection therewith, and decision on a motion to set aside the verdict on that ground was reserved. This decision is on that motion.

In an action of this sort against a bank for wrongfully paying a check the rule of law in this State is well settled. Omitting the situation where forgery is involved, the rule is that the bank is only

liable where it has actual knowledge of a diversion of funds or knowledge of such facts as would give it notice that the check is being diverted. (*Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 N. Y. 225; *Cheever* v. *Pittsburgh R. R. Co.*, 150 id. 59.)

No proof of actual knowledge was presented in this case. As regards the defendant Chatham Bank, the only facts coming to its attention were from the check itself, and particularly from the indorsement above set out. This indorsement showed that one Joseph Carroll was president of the company and that he indorsed for the company. It then showed that it had been indorsed by him personally " for deposit." Those words can only mean Carroll put the check in his own account. No other meaning has been suggested by the able counsel for the various defendants. In *Lasker* v. *Mutual Bank of Roseville* (201 App. Div. 333; affd., 234 N. Y. 550) it was held that the blank indorsement of an officer following the corporate indorsement did not constitute notice to a bank receiving the check. The learned court below pointed out that such indorsements are frequent for entirely innocent and *bona fide* purposes to facilitate negotiation and, if the check is to be given a purchaser, to lend additional credit. This court is asked whether the words " For deposit " change this situation. The answer must be in the affirmative. Without these words the personal indorsement indicates nothing. With them the indorsement shows a diversion to the officer, not conclusively wrongful, it is true, but quite sufficient to put a prudent man or bank on notice. The defendant Chatham Bank owed the duty to its depositor Epstein, the plaintiff's intestate, not to pay such a check without inquiry. The violation of that duty completes the cause of action against it.

As regards the other two defendant banks, the same situation exists. They had no relations of depositor with Epstein, but they knew they were receiving funds of his, as to which they also knew facts sufficient to put them on notice. The relationship of depositor and depositary is not a necessary element to invoke the existence of a duty to make inquiry. (*Wagner Trading Co.* v. *Battery Park Nat. Bank*, 228 N. Y. 37.) The defendant Peoples Bank of Hawthorne is a New Jersey corporation, having its place of business in New Jersey, and it received the check there and paid Carroll there. After the verdict it made a motion to amend its answer to set up as a defense sections 4 and 9 of chapter 30 of the New Jersey Laws of 1927. Plaintiff does not question the power of the court to allow the amendment at this time. The amendment will be allowed. It will serve no purpose to set out and discuss the statute of a sister State. It is sufficient to say that section 9 thereof

covers this case, and its provisions are such that the facts brought to the knowledge of a bank such as defendant Peoples Bank of Hawthorne are not sufficient to put it upon notice. For this reason plaintiff is not entitled to a judgment against this defendant. As to the other defendants this statute has no application, they being local institutions and having had all their transactions herein in this State.

The defendants stipulated that in the event that any verdict was rendered in favor of the plaintiff against defendant Chatham Bank the court should direct a verdict in the same amount in its favor against the defendant Irving Trust Company, and, similarly, as to such directed verdict, a similar verdict in favor of the Irving Trust Company should be directed against the Peoples Bank of Hawthorne. At the conclusion of the trial these directions were held in abeyance until the plaintiff's rights were determined.

Motion to set aside verdict against Peoples Bank of Hawthorne is granted, with costs. Motion to set aside verdict against other two defendants is denied. Motions for direction of a verdict in favor of Chatham and Phenix National Bank and Trust Company against Irving Trust Company, and in favor of Irving Trust Company against Peoples Bank of Hawthorne, granted.