COMMERCIAL TRADING COMPANY, Plaintiff, *v.* TRADE BANK AND TRUST COMPANY, Defendant and Third-Party Plaintiff. FEDERAL RESERVE BANK OF NEW YORK, Third-Party Defendant.

Supreme Court, Trial Term, New York County, December 16, 1954.

*Sydney Krause* and *Bernard Wexler* for plaintiff.

*Peter Gettinger* for defendant and third-party plaintiff.

*John J. O'Connor* and *David S. Konheim* for third-party defendant.

FRANK, J. For convenience, the plaintiff will be referred to as Commercial, the defendant and third-party plaintiff as Trade Bank, and the third-party defendant as Federal Reserve.

The plaintiff, a depositor in the defendant bank, seeks to recover the sum of $3,400, claimed to be due upon an alleged unauthorized payment of three checks totaling $5,000. The difference has been repaid by one W. F. Kelly. Kelly received the three checks made payable to '' The Kelly Rubber Company '' and drawn upon the defendant. The checks were indorsed '' The Kelly Rubber Co. per W. F. Kelly '' and below it '' W. F. Kelly ''. They were paid to Kelly by The State Bank Company of Massillon, Ohio, the bank depository of The Kelly Rubber Company. It is conceded that none of the money was received by the company.

Through intervening institutions the checks were paid by Federal Reserve, which in turn collected the face amount of the checks from Trade Bank. Upon the commencement of this action, Trade Bank impleaded Federal Reserve and sought recovery over against Federal Reserve upon the latter's guarantee of all prior indorsements.

It is axiomatic in a business society such as ours that the free circulation of negotiable paper is to be encouraged and the law must be interpreted in that light. (*Graham* v. *White-Phillips Co.*, 296 U. S. 27, 31.)

As to the indorsement in question, the law in this State is specific. Where a bank receives a check payable to a corporation, and indorsed by an officer with his subsequent personal indorsement for deposit in his own account, as here, the bank accepts the check at its peril (*Wagner Trading Co.* v. *Battery Park Nat. Bank*, 228 N. Y. 37; *Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394, 405; cf. *Harry M. Lasker, Inc.*, v. *Mutual Bank of Roseville*, 201 App. Div. 333, affd. 234 N. Y. 550).

The Negotiable Instruments Law (§ 95) provides a safeguard against liability so imposed. The accepting bank is excused if it have on file an authorization permitting the corporate officer to make or indorse the commercial paper in the manner otherwise proscribed.

It follows, therefore, that if the State Bank Company of Ohio was authorized to make payment to Kelly individually,

there can be no recovery. If it was not, then plaintiff is entitled to judgment in its favor.

The third-party defendant Federal Reserve offered in evidence resolution executed by The Kelly Rubber Company and filed with the State Bank Company of Massillon, Ohio. It contended that this resolution authorized the payment of the checks to Kelly individually. No issue was raised at the trial with respect to the interpretation of this instrument according to Ohio law. We presume therefore that the law of Ohio is the same as that of New York (*Weissman* v. *Banque De Bruxelles*, 254 N. Y. 488, 495). As we read the resolution, which is upon a form evidently supplied by the State Bank Company to The Kelly Rubber Company, the bank is authorized to pay checks issued by the company, whether drawn to the order of or tendered in payment of the individual obligations of any of its officers. The only reference to an indorsement is for the purpose of selling such commercial paper to or discounting it with the bank.

We find no ambiguity in the resolution. Even if there were uncertainty or ambiguity as to the meaning of the resolution, it would have to be resolved against the defendants who acquired no greater right than the Ohio bank, which prepared the resolution on a form which it supplied to The Kelly Rubber Company (*Gillet* v. *Bank of America*, 160 N. Y. 549, 554). Bearing in mind the general principle that an ambiguous contract will be interpreted against the drawer (*Gillet* v. *Bank of America, supra; Marshall* v. *Commercial Travelers Mut. Acc. Assn. of America*, 170 N. Y. 434; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187), it would seem that the language here used is ineffective to exempt the receiving bank from liability by virtue of section 95 of the Negotiable Instruments Law.

We must hold, therefore, that the acceptance of the checks in question by the Ohio bank was beyond the scope of the resolution. The Ohio bank never became a holder in due course, and the title of the respective forwarding banks is similarly tainted.

Judgment for plaintiff as against defendant Trade Bank and Trust Company for the sum of $3,600, with interest on $600 from April 29, 1948, on $2,000 from June 3, 1948, and on $1,000 from August 4, 1948. Judgment for defendant Trade Bank and Trust Company against third-party defendant Federal Reserve Bank of New York in the amount above stated.

This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.