277 So.2d 37 (1973)
Robert S. JETT, Jr., Appellant,
v.
The LEWIS STATE BANK, a Florida Corporation, Appellee.
No. Q-482.
District Court of Appeal of Florida, First District.
May 3, 1973.
*38 Julius F. Parker, Jr., of Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for appellant.
John D. Buchanan, Jr., of Henderson, Richardson, Canada, Henry, Buchanan & Munroe, Tallahassee, for appellee.
JOHNSON Judge.
Appellant, plaintiff below, brought suit against the appellee bank seeking damages in the amount of $5,000.00 plus interest and costs. He now seeks review of an adverse final summary judgment rendered in favor of the Lewis State Bank, the appellee herein.
The facts in this case are not in dispute, and the issue turns solely upon a question of law; to wit: is a collecting bank liable to the drawer of a check when it deposits only a part of that check to the account of the named payee and cashes the remainder of the check upon instructions from the officers, directors and sole stockholders of the named payee?
Appellant wrote a personal check in the amount of $12,000.00 as a loan to a newly formed corporation called National Giant Portable Fun Slide, Inc., and said check was delivered to the three officers consisting of the president, the vice president, and the secretary-treasurer. These three officers, who were also the sole stockholders of the corporation, later appeared at the appellee bank for the purpose of opening a corporate checking account. They delivered to the appellee bank a resolution of the corporate board of directors, consisting of the officers and sole stockholders named above, which authorized funds to be withdrawn from the account only on checks signed by not less than two of the above corporate officers. During the same transaction, while all three corporate officers were present, the $12,000.00 check from appellant was presented to the bank with the request that only the sum of $7,000.00 be deposited in the corporate account and the sum of $5,000.00 be withheld and delivered in cash to one of the three corporate officers. The bank complied with this request, and the deposit slip issued by the bank reflects that only $7,000.00 was actually deposited to the corporate account and the remaining $5,000.00 was returned to and receipted for by the secretary-treasurer of the corporation, in the presence of the other two corporate officers participating in the transaction; and used for corporate purposes. Appearing on the reverse side of the check given by appellant to the corporation is an endorsement placed thereon by one of the bank's officers reading: "For deposit only to account of within named payee".
Soon thereafter, the corporation became defunct and appellant commenced proceedings against appellee charging the bank with having unlawfully disbursed corporate funds without proper authority to the damage of appellant. Both parties moved for a summary judgment in their favor. After considering argument of counsel, depositions and an affidavit filed by an officer of the appellee bank, the trial court found that the $5,000.00 in cash paid by the bank to one of the corporate officers at the time the account was opened constituted a payment *39 to the corporation and this corporation had a right to receive the proceeds from the $12,000.00 check issued by appellant. Upon this finding, final summary judgment was rendered in favor of the bank and this appeal ensues.
It is our opinion that the final summary judgment entered below should be affirmed for several reasons. In the first instance, we feel that there was no justiciable question of fact that the money in dispute, the $5,000.00, was actually paid to the corporation, as found by the trial judge. The facts of this case disclose that all three officers of the corporation were present when the resolution was presented to the bank, the checking account was opened, signature cards were signed and the check in dispute was presented to the bank. There were no circumstances present which would have given the appellee bank notice of a possible diversion of funds from corporate purposes or put the bank on notice that the proceeds of the check were not going to the entity to which they were intended. In short, the appellant has failed to establish a loss, namely, that the proceeds were diverted from corporate use so as to prevent him from collecting his loan from the corporation.
There is a more cogent reason for affirmance in this case. Many cases from other jurisdictions have held, and we so adopt the rule, that the drawer or maker of a check has no right of direct action against banks, other than the drawee bank, which honor the check on a forged or unauthorized endorsement. The theory behind this rule is that, in an action for conversion against a collecting bank, the essential elements of conversion would be lacking in that the drawer does not have the right to immediate possession of the check because the beneficial ownership of the check is in the payee, not in the drawer. First National Bank v. North Jersey Trust Co., 18 N.J. Misc. 449, 14 A.2d 765 (1940).
In an action sounding in both contract, for moneys had and received, and in tort, for conversion, the drawer of a check has been denied recovery against the collecting bank upon the grounds that the collecting bank had no money in its hands which belonged to the drawer, that the drawer had no right in the proceeds of its own check payable to the payee, and that, not being a holder in due course or an agent for such holder, the drawer could not have presented its check to the drawee bank for payment. The value of the drawer's rights in the check is limited to the physical paper on which it is written and is not measured by its payable amount. The amounts a collecting bank receives from a drawee bank for the check cashed by the collecting bank are the drawee bank's funds and not those of the drawer; and whether the drawer is rightfully or wrongfully deprived of a credit is a matter between the drawer and the drawee bank. In short, the drawer's recourse is limited to an action against the drawee bank, for the only harm which befalls the drawer is the charging of its account by the drawee bank. Stone & Webster Engineering Corp. v. First National Bank & Trust Co., 345 Mass. 1, 184 N.E.2d 358 (1962).
It has also been held that a drawer of a check cannot recover against a collecting bank which honors a check bearing a faulty endorsement upon the contractual theory of warranty of prior endorsements. A guaranty of prior endorsements is only for the benefit of subsequent holders in due course, and not for the drawer of a check. There is no privity of contract between the drawer of a check and a collecting bank. Low v. Merchants National Bank & Trust Co. of Syracuse, 24 A.D.2d 322, 266 N.Y.S.2d 74 (3rd 1966); Metropolitan Life Insurance Co. v. San Francisco Bank, 58 Cal. App. 528, 136 P.2d 853 (1943); First National Bank v. North Jersey Trust Co., supra. Once again, the drawer's recourse is against the drawee bank which may be entitled to recover *40 from the collecting bank on the basis of its warranty of prior endorsements.[1]
We recognize that there have been other cases adopting different theories than those set out above. See 99 A.L.R.2d 638-651. Nevertheless, we feel that the better rule is that the drawer of a check, in this case the appellant, has no right of direct action against a collecting bank, in this case the appellee, which honors a check even if the check bore a faulty endorsement. We note with interest that many of the cases allowing recovery were cases in which the drawer of the check was also the drawee; the drawer was suing the drawee bank; the plaintiff in the case was the payee, rather than the drawer, of the check (as in those cases cited in Judge Spector's dissenting opinion hereto), or the collecting bank was put on notice because the unauthorized endorser immediately deposited the funds in his own personal account.
For the reasons hereinabove set forth, the final summary judgment appealed herein is affirmed.
WIGGINTON, J., concurs.
SPECTOR, C.J., dissents.
SPECTOR, Chief Judge (dissents):
I respectfully dissent from the opinion of the majority herein.
The check in the case at bar is made payable to a corporation. Thus, the question presented here is whether a bank may cash a check, or a portion of it, when the check is payable to a corporation, even when it is presented by a corporate officer or agent.
I have been unable to find any Florida cases which consider the nature of a bank's duty when confronted by a corporate officer who desires to cash, in whole or in part, a check payable to the corporation. In Richard Livingston, Inc. v. Bank of America, 46 P.2d 195 (Cal. 1935), the court had before it a case wherein a corporate agent employed as clerk and bookkeeper was authorized to stamp the name of the corporation on the backs of checks received for rentals and to deposit them in the corporation's account in the appellee bank. Most of the checks were deposited to the corporate account. However, the agent persuaded the bank to accept many of the checks to his personal account after he had affixed his further personal endorsement as agent. In due course, the corporation discovered the diversion of funds and suit was brought against the bank for the amounts diverted. Judgment for the corporation was affirmed in part due to some credits resulting from an accounting. In that case the corporation successfully contended that "the representatives of the defendant bank deliberately ignored the universally acknowledged custom among bankers that checks endorsed with a rubber stamp are for deposit to the payee only, and that all banks are charged with the duty of requiring evidence of authority of persons endorsing checks payable to a corporation before payment of any such check other than for the account of the corporation itself." at page 197.
In Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 89 S.W.2d 385, 387 (Tex. 1935), the court quoted with approval what it perceived to be the well recognized rule stated in Michie on Banks and Banking, Vol. 5, p. 164, as follows:
"[A] bank must ascertain at its peril whether the president, district manager, secretary, treasurer or any other officer or agent of a corporation has authority to endorse a check drawn to the order of *41 the corporation and by such endorsement transfer the money to his personal account."
In Quanah, supra, numerous cases are cited which seem to establish the proposition that moneys made payable to a corporation by check are the funds of the corporation and not those of the corporate officers, and therefore such checks are deposited to the account of or cashed for such officers at the peril of the bank.
In Independence Indemnity Co. v. Republic National Bank & Trust Co, 114 S.W.2d 1223 (Tex. 1938), the court recognized the general rule that checks payable to a corporation represent funds of the latter and a bank that enables an agent or officer to divert such funds may be held liable therefor. There the court rejected the bank's defensive argument that since the errant officer or agent was empowered to draw checks on the corporate account, no harm was done in permitting the officer to deposit checks payable to the corporation into his own personal account. In other words, it was not a defense that the officer could have drawn the money out of the corporate account by a check that he was duly authorized to sign and then turned around and deposited that check or the cash proceeds therefrom in his own account. See also Rensselaer Value Co. v. National Bank of Commerce, 129 Wash. 253, 224 P. 673 (1928), wherein the court arrived at the same conclusion.
In Commercial Trading Company v. Trade Bank & Trust Company, 286 A.D. 722, 146 N.Y.S.2d 570 (1955), the court considered a case in which the president of Kelly Rubber Company endorsed three checks representing a loan to his employer from Commercial Trading Company and deposited said checks in his own account. The court held that not only the collecting bank but also the drawee bank may be held liable for payment to other than the payee corporation's deposit account resulting in a diversion of corporate funds.
Of significant bearing on the issues in the case at bar is Commercial Trading Company v. Trade Bank & Trust Co., 207 Misc. 510, 137 N.Y.S.2d 339. That case seems to stem from the same facts which were involved in Commercial Trading Co., etc., reported at 286 App.Div. 722, 146 N.Y.S.2d 570, discussed above. In this case, the payee, Kelly Corporation, had an account at its Ohio bank. As in the case at bar, the Kelly Corporation had adopted its resolution on a form supplied by its Ohio depository bank authorizing the bank to pay checks issued by the company whether drawn to the order of or tendered in payment of the individual obligations of any of its officers. There the court held that the resolution authorizing the bank to pay checks drawn on the corporate account to the order of its officers did not extend to or constitute authority to honor the officer's endorsement on a check payable to the corporation so that said check could be deposited in the officer's own personal account. The court reiterated the generally accepted rule adhered to in the other cases cited herein in the following language:
"As to the endorsement in question, the law of this State is specific. Where a bank receives a check payable to a corporation, and endorsed by an officer with his subsequent personal endorsement for deposit in his own account, as here, the bank accepts the check at its peril." [Citations omitted]
Although all of the cases cited above establish the rule that a bank which honors a check payable to a corporation by permitting payment thereof other than to the corporate depository, in absence of express authority from the corporate payee to do so, honors the check in question at its own peril, those cases also recognize that the errant bank is entitled to credit for any of the diverted funds which actually were used for the benefit of the corporation. Since the appellant in the instant case has raised an issue as to whether the corporate payee received any benefits from the corporate *42 funds that the appellee bank permitted to be diverted from the corporate deposit account, I believe the summary judgment entered below was premature and ought not have been entered in the face of this justiciable question of fact.
I would reverse and remand for further proceedings.
NOTES
[1] For a contrary holding on the theory of warranty of prior endorsements, see Allied Concord F. Corp. v. Bank of Amer. Nat. T & S Ass'n, 275 Cal. App.2d 1, 80 Cal. Rptr. 622 (1969), though this case also recognizes that a drawer has no right of action for conversion against a collecting bank.