364 So.2d 28 (1978)
BARNETT BANK OF MIAMI BEACH, N.A., Appellant,
v.
Jules LIPP, Appellee.
No. 77-1137.
District Court of Appeal of Florida, Third District.
October 17, 1978.
Rehearing Denied December 6, 1978.
*29 Rosenberg, Rosenberg, Reisman & Glass and Stephen H. Reisman, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Evan J. Langbein, Miami, for appellee.
Before HENDRY, J., and CHARLES CARROLL (Ret.), and PARKER, J. GWYNN (Ret.), Associate Judge.
HENDRY, Judge.
Appellant/defendant appeals from a final judgment rendered pursuant to a jury verdict in favor of appellee/plaintiff in an action for conversion of a check. Appellee cross-appeals from that same final judgment.
Briefly stated, the facts are that appellee filed a complaint against appellant alleging that the latter, as a collecting bank, had cashed a SEVEN THOUSAND ($7,000.00) DOLLAR check bearing the name of appellee as payee. The check, itself, was drawn by DuPont Glore Forgan, Inc., at the request of its employee, Arthur Novick, who handled appellee's stock brokerage account at DuPont. Appellee was named as payee of the check and his account was debited by Du Pont. Appellee did not authorize the check, nor did he see the check until after companion litigation against Du Pont in federal court had been terminated. Novick, after forging appellee's endorsement and having said endorsement guaranteed by a vice-president of Du Pont, endorsed the check in his own name and cashed said check at appellant bank, where he maintained an account. Appellee alleged that appellant could have prevented the fraud from occurring by exercising due care.
Appellant answered the complaint and raised two affirmative defenses. Firstly, appellant asserted that pursuant to Section 673.419(3), Florida Statutes (1977), it had acted solely as a collecting bank, and, as such, had dealt with the check "in good faith and in accordance with the reasonable commercial standards applicable to banking institutions." Secondly, appellant alleged that any liability owed to appellee was released and discharged by virtue of an action filed by appellee in federal court.
Appellant first argues that a payee is not entitled to recover against a collecting bank which has allegedly failed to exercise due care in cashing a check bearing the forged endorsement of the payee. We disagree. Pursuant to Jett v. Lewis State Bank, 277 So.2d 37 (Fla. 1st DCA 1973), the beneficial ownership of a check is in the payee, and thus, said payee can maintain an action against a collecting bank for the conversion of a check. See also Siegel Trading Co., Inc. v. Coral Ridge National Bank, 328 So.2d 476 (Fla. 4th DCA 1976) and Annot., 100 A.L.R.2d 670.
Appellant next contends that pursuant to Section 673.405(1)(c), Florida Statutes (1977), the forged endorsement of the payee's signature was "effective" as far as a collecting bank is concerned. Generally, this provision has been limited to actions between the drawer-maker and the drawee-bank. See Annot. 23 A.L.R.3d 932, 1008. The policy of said section is to shift the loss of a forged endorsement by employees of the maker-employer to the employer, rather than the drawee-bank, based upon the view that the employer is in a better position to guard against employee forgery of endorsements, as compared to a drawee bank. New Amsterdam Casualty Company v. First Pennsylvania Banking & Trust Co., 451 F.2d 892 (3d Cir.1971). Sub judice, Section 673.405(1)(c) is inapplicable in that *30 appellee, as a payee, is suing a collecting bank. Here, there is no policy reason for shifting the risk of loss to the payee as appellant was in a superior position to prevent fraud against appellee from occurring.
Appellant lastly contends that even assuming the subject check was cashed over a forged endorsement, it was relieved of liability as a collecting bank, because it acted in good faith, in accordance with reasonable commercial standards and did not retain the check or its proceeds. See Section 673.419(3), Florida Statutes (1977). Siegel Trading Co., Inc. v. Coral Ridge National Bank, supra. "Good faith" and "reasonable commercial standards" are, of course, factual questions to be determined by the trier of fact. Sub judice, appellant failed to present evidence of such reasonable commercial standards in the industry, simply arguing that it had an absolute right (as a collecting bank) to rely on the endorsement.
In light of appellant's failure to present evidence concerning the applicable standards of the banking industry, we cannot say, as a matter of law, that the jury erroneously determined that appellant's blind reliance on the endorsement amounted to negligence. Our decision is, in part, based upon certain testimony presented by appellee to the effect that appellant's cashier failed to obtain the initials of a bank officer prior to cashing the check, notwithstanding the fact that the check was for SEVEN THOUSAND ($7,000.00) DOLLARS and was approximately one month old at the time of the transaction. Appellee argued to the jury that this was not sound banking principles. Said argument was not countered by appellant.
Finally, appellee cross-appeals from that portion of the final judgment wherein the trial judge granted appellant's motion for a set-off, pursuant to Section 768.041, Florida Statutes (1977). The set-off of TWO THOUSAND, TWO HUNDRED, THIRTY-THREE ($2,233.33) DOLLARS and THIRTY-THREE CENTS was granted upon the fact that appellee had previously settled a federal lawsuit against Du Pont for fraud pursuant to Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10(b)5 promulgated by the Securities and Exchange Commission. It is appellee's contention that the set-off was erroneous in that (1) appellant was not a party to the federal lawsuit, (2) the causes of action in the two lawsuits were completely different, i.e., securities violation versus common law conversion, and (3) the amount set-off by the trial judge was purely arbitrary.
After a careful review of the record, we must agree with appellee's contentions. Section 768.041, Florida Statutes (1977), authorizes a set-off from a judgment where joint tortfeasors are involved and where it appears that a release has been given by one tortfeasor in partial satisfaction for a claim made against the joint tortfeasors based upon the same cause of action. Devlin v. McMannis, 231 So.2d 194 (Fla. 1970); Sun First National Bank of Melbourne v. Batchelor, 321 So.2d 73 (Fla. 1975).
Sub judice, the federal claim against Du Pont concerned a wholly separate and independent cause of action based upon a violation of the securities law. In addition, appellant was not a party to the federal litigation and was not a party to the release executed by appellee terminating the federal suit. Also, the claim against appellant had not even matured until four days after the federal suit had been settled because of difficulty in obtaining the check through discovery and by so obtaining, discovering the identity of the collecting bank. Therefore, we believe the trial judge erred in granting appellant a set-off and reverse that portion of the final judgment granting same.
Accordingly, that portion of the final judgment authorizing a set-off is hereby reversed and remanded with directions to enter judgment in accordance with the jury verdict. In all other respects, the final judgment is affirmed.
Affirmed in part; reversed and remanded with directions, in part.