469 So.2d 201 (1985)
Henry LAWRENCE, Appellant,
v.
CENTRAL PLAZA BANK AND TRUST COMPANY, Appellee.
No. 84-2052.
District Court of Appeal of Florida, Second District.
May 22, 1985.
*202 D. Turner Matthews, Bradenton, for appellant.
Hugh E. Reams of Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, for appellee.
GRIMES, Acting Chief Judge.
This appeal involves the question of whether the purchaser of a cashier's check may ever bring suit directly against the collecting bank for cashing the check on a forged endorsement.
According to the fourth amended complaint, Henry Lawrence purchased from the County Bank an $18,000 cashier's check payable to William Morris Agency. The check was given to Charles Grogan, a party with whom Lawrence had been negotiating concerning a concert to be arranged by William Morris Agency. Grogan deposited the check in the trust account of Attorney David L. Schrader at Central Plaza Bank and Trust Company. The check was endorsed "William Morris Agency For deposit only to the act of Atty David L. Schrader. 8-702-3 Escrow act." Grogan was not an agent of William Morris Agency, and William Morris Agency did not authorize this endorsement. Schrader, acting as Grogan's attorney, subsequently disbursed the funds to pay Grogan's debts to the Sarasota Kennel Club. Analogizing Lawrence's position to that of a drawer, the court dismissed the action against Central Plaza Bank on the premise that his recourse was limited to suing the County Bank, the bank which had issued the check.
Under the law of negotiable instruments which predated the Uniform Commercial Code, there was a split of authority on whether the drawer of a check could recover directly from a collecting bank which had received it on a forged endorsement. H. Bailey, Brady on Bank Checks § 23.26 (5th ed. 1979). The post-Code decisions on the subject remain divided. H. Bailey, Brady on Bank Checks §§ 23.27 and 23.28 (5th ed. 1979 & Supp. 1984). The courts which permit recovery directly from the collecting bank now appear to be in the slight majority. See Annot., 99 A.L.R.2d 637 (1965 & Supp. 1983).
Lawrence's pleadings are couched in a theory of conversion. Section 673.419, Florida Statutes (1983), provides in pertinent part:
(1) An instrument is converted when:
... .
(c) It is paid on a forged indorsement.
... .
(3) Subject to the provisions of this code concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.
Thus, the Uniform Commercial Code recognizes the possibility of a depositary or collecting bank being held liable in conversion for honoring a forged endorsement. However, the code does not specify to whom such liability may run. See Barnett Bank v. Lipp, 364 So.2d 28 (Fla. 3d DCA 1978), holding that the payee can maintain an action against a collecting bank for the *203 conversion of a check paid on a forged endorsement.
The leading case for the proposition that the drawer's remedy is limited to a suit against the drawee bank is Stone & Webster Engineering Corp. v. First National Bank & Trust Co., 345 Mass. 1, 184 N.E.2d 358 (1962). In that case the plaintiff drew three checks payable to Westinghouse Electric Corporation to whom it was indebted. One of the plaintiff's employees obtained possession of the checks, forged the endorsement of Westinghouse, and cashed them at the defendant bank. The court held that the plaintiff's remedy was only against the drawee bank and that if that drawee bank were held liable, it could recoup its losses from the collecting bank. The court admitted that allowing the drawer to bring an action directly against the collecting bank would avoid a circuity of action. However, the court reasoned that if this were permitted the collecting bank would not be able to raise the defenses under the code which were available to the drawee bank.
Two Florida courts have adopted this view. In Jett v. Lewis State Bank, 277 So.2d 37 (Fla. 1st DCA 1973), the court held that the drawer of a check has no right of action against any bank except the drawee bank for honoring a check on a forged endorsement. The court stated:
The theory behind this rule is that, in an action for conversion against a collecting bank, the essential elements of conversion would be lacking in that the drawer does not have the right to immediate possession of the check because the beneficial ownership of the check is in the payee, not in the drawer. First National Bank v. North Jersey Trust Co., 18 N.J. Misc. 449, 14 A.2d 765 (1940).
In an action sounding in both contract, for moneys had and received, and in tort, for conversion, the drawer of a check has been denied recovery against the collecting bank upon the grounds that the collecting bank had no money in its hands which belonged to the drawer, that the drawer had no right in the proceeds of its own check payable to the payee, and that, not being a holder in due course or an agent for such holder, the drawer could not have presented its check to the drawee bank for payment. The value of the drawer's rights in the check is limited to the physical paper on which it is written and is not measured by its payable amount. The amounts a collecting bank receives from a drawee bank for the check cashed by the collecting bank are the drawee bank's funds and not those of the drawer; and whether the drawer is rightfully or wrongfully deprived of a credit is a matter between the drawer and the drawee bank. In short, the drawer's recourse is limited to an action against the drawee bank, for the only harm which befalls the drawer is the charging of its account by the drawee bank. Stone & Webster Engineering Corp. v. First National Bank & Trust Co., 345 Mass. 1, 184 N.E.2d 358 (1962).
277 So.2d at 39. In a memorandum opinion the court in First Federal Savings & Loan Association v. Blinn, 422 So.2d 1104 (Fla. 4th DCA 1982), appeared to reach the same conclusion.
The decisions which permit the drawer to bring suit directly against the collecting bank rely upon various theories. Perhaps the most notable of these is Sun 'N Sand, Inc. v. United California Bank, 21 Cal.3d 671, 582 P.2d 920, 148 Cal. Rptr. 329 (1978). While this case involved a claim for material alteration rather than a forged endorsement, the principle is the same. See H. Bailey, Brady on Bank Checks § 23.28 (5th ed. Supp. 1984) The California Supreme Court held that a drawer of a check whose account was charged is a payor within the meaning of section 4207 of the California Uniform Commercial Code[1] so as to be able to maintain an action directly against a collecting bank based on the warranties of that section. The court overcame the argument that such a ruling would alter substantive rights by interpreting the code to permit the collecting bank to assert the *204 same defenses against the drawer as the drawee bank would have. The Indiana court in Insurance Co. of North America v. Purdue National Bank, 401 N.E.2d 708 (Ind. Ct. App. 1980), reached the same result on a forged endorsement.
Lawrence argues that the rationale of Jett and Blinn is inapplicable because his check was a cashier's check[2] for which he had already paid. Lawrence relies on Tubin v. Rabin, 382 F. Supp. 193 (N.D.Tex. 1974), in which the purchaser of a cashier's check was permitted to recover from the collecting bank which had cashed the check on a forged endorsement. The court stated that the issuing bank is both the drawer and the drawee of a cashier's check and held that the purchaser as owner could sue the collecting bank for conversion under the Texas equivalent of section 673.419.
In some respects, the purchaser of a cashier's check occupies the same position as the drawer of an ordinary check because the payee is the party having the right to acquire the funds by cashing the check. Yet, the payee has no interest in the check until it is delivered to him. Rex Smith Propane, Inc. v. National Bank of Commerce, 372 F. Supp. 499 (N.D.Tex. 1974). There is little doubt that Lawrence could have gotten his money back from the County Bank if he had changed his mind and returned the cashier's check. H. Bailey, Brady on Bank Checks § 5.5 (5th ed. 1979). Unlike the case of an ordinary check in which the drawer has lost nothing of value until his account is debited by the drawee bank, Lawrence had already paid for the check by the time it was honored on the forged endorsement. Therefore, we hold that until he delivered the check to William Morris Agency, Lawrence had an ownership interest in the funds represented by the check which was subject to conversion by the collecting bank under section 673.419.
The argument that Central Plaza Bank will lose the benefit of the defenses guaranteed to the County Bank under section 674.406, Florida Statutes (1983), has no merit because these defenses are predicated upon the drawee bank furnishing its customer with a statement of account accompanied by items paid in good faith in support of the debit entries. In a case of a cashier's check, there is no reason for the customer to receive either a statement of account or the cancelled check. The customer's account is not debited by the drawee bank upon receipt of the cancelled cashier's check because the check has already been paid for. Of course, the Central Plaza Bank is still entitled to a factual determination of its defenses against conversion which are provided by section 673.419(3), Florida Statutes (1983). Barnett Bank v. Lipp.
We reverse the judgment of dismissal and remand the cause for further proceedings.
CAMPBELL and LEHAN, JJ., concur.
NOTES
[1] This section is identical to section 674.207, Florida Statutes (1983).
[2] A cashier's check has been called "a bill of exchange drawn by a bank upon itself and accepted in advance by the act of its issuance and not subject to countermand by either its purchaser or the issuing bank." Guardian Bank v. San Jacinto Sav. Ass'n, 593 S.W.2d 860, 863 (Tex.Civ.App. 1980).