560 So.2d 1203 (1990)
FLORIDA NATIONAL BANK, et al., Appellants,
v.
ISAAC INDUSTRIES, INC., Appellee.
Nos. 89-810, 89-1100 and 89-1367.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Rehearing Denied June 8, 1990.
Frates, Bienstock & Sheehe and Patrick Patrissi, Miami, for appellants.
Dunn, Dresnick, Lodish & Miller and Mitchell E. Widom, Miami, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
Florida National Bank ("Florida National") and Southeast Bank, N.A. ("Southeast") (collectively referred to as "banks") appeal from a final summary judgment entered in favor of Isaac Industries, Inc. ("Isaac") holding the banks liable under section 673.419, Florida Statutes (1987), for *1204 conversion of certain checks due to their payment on a forged instrument. We reverse.
Isaac appeals an order granting the banks' motion to dismiss the negligence counts against the banks. We affirm. Additionally, Isaac appeals a denial of its motion for attorney's fees and sanctions. We find this issue to be moot as a result of the resolution of the other issues.
Roger Khemlani ("Mr. Khemlani") on behalf of Nirmaco Corporation ("Nirmaco") ordered chemicals from Isaac, a chemical exporter. The chemicals were to be shipped directly to Issar Company, Ltd. ("Issar") in Kingston, Jamaica. In order to secure payment by Issar, Mr. Khemlani presented Isaac with two post-dated checks. Mr. Khemlani was the purchasing arm for Issar in the United States. Isaac shipped the chemicals to Issar in two lots which were invoiced at the price of $12,916.60 and $37,756.00, respectively. Isaac rendered invoices to both Issar and Nirmaco.
Isaac attempted to cash the post-dated checks; however, stop payments had been issued. In an attempt to collect the payments from Issar for the two invoices, Isaac discovered that two other checks made payable to Isaac had been issued. The two checks were drawn on an account at Florida National in the name of Jamaica Citizens Bank Ltd. ("Jamaica Citizens") and were made payable to Isaac.[1] However, there was no testimony as to whom the checks were delivered. Isaac never received the checks. The checks came into the hands of Mr. Khemlani, the president of Nirmaco. The checks were deposited in Nirmaco's checking account at Southeast. Isaac's endorsement was improper and forged. The forger misspelled the name of the payee, Isaac Industries, Inc. "Isaac" was spelled "Issac" on both checks. Despite this improper endorsement, Southeast collected the checks and Florida National paid the checks.
Isaac filed an action against the banks for negligence and for conversion pursuant to section 673.419, Florida Statutes (1987). Isaac alleged that the endorsements on the backs of the checks were a forgery and that Isaac never received payment on the checks. The trial court dismissed the negligence counts with prejudice. In addition, the trial court granted Isaac's motion for final summary judgment. Lastly, the trial court denied Isaac's motion for attorney's fees and sanctions.
We find that there exist genuine issues of material fact as to whether there was delivery or constructive delivery of the checks to the payee, Isaac, and whether or not the banks acted within reasonable commercial standards in paying the checks.
Section 673.419, Florida Statutes (1987), specifically gives the payee a cause of action against the collecting bank that pays a check on a forged endorsement. This provision recognizes the principle of negotiable instruments law that the payee acquires no rights in an instrument until the instrument is delivered to him. Hence, a payee cannot recover from the collecting bank that pays on a forged endorsement if the check was never delivered to the payee. The reasons are several. First, without delivery the payee cannot come into possession of the instrument and thereby acquire the status of a holder. Second, even though the payee cannot recover from the collecting bank, he retains his right to sue the drawer on the obligation underlying the check. Third, when the payee does not receive the check, the forged endorsement is probably the result of the drawer's negligence, an issue not easily litigated in a suit between the payee and the collecting bank.
*1205 Delivery to the forger is not sufficient delivery. Although some courts have recognized that an intended, but thwarted, delivery is sufficient to give the payee standing to sue, the payee must at least show that the drawer surrendered the instrument to the power of the payee or to some third person for the payee's use. City Nat'l Bank v. Wernick, 368 So.2d 934 (Fla. 3d DCA 1979). Here, the record contains no evidence as to whom the checks were delivered. See Papex Int'l Brokers v. Chase Manhattan Bank, N.A., 821 F.2d 883 (1st Cir.1987). Thus, without a showing that the checks were delivered to the payee or that a constructive delivery occurred by surrendering the checks to some third person for the payee's use, no action can be commenced under section 673.419, Florida Statutes (1987).
Even though this case may involve a forged endorsement, as well as a possibly improper endorsement (owing to the misspelling), a jury question is still present as to whether the bank breached the commercially reasonable standard. See Charmglow Prods., Inc. v. Mitchell St. State Bank, 687 F. Supp. 448, 450 (E.D.Wis. 1988).
As to Isaac's appeal, the trial court properly dismissed with prejudice the negligence counts against the banks since section 673.419, Florida Statutes (1987), replaces the common law action for negligence. Equitable Life Assurance Soc'y of United States v. Okey, 812 F.2d 906 (4th Cir.1987).
In view of the result reached in this case, the issue of attorney's fees becomes moot.
Reversed in part, affirmed in part and remanded.
NOTES
[1] Under Jamaican law, Issar could not write a check to Isaac to pay for the chemicals which had been shipped, but rather the importer of the merchandise, Issar, had to go to the Central Bank of Jamaica with the proper documentation in order to have a directive issued to the commercial bank, Jamaica Citizens, to issue checks payable to Isaac to pay for the chemicals. These types of checks are issued when a customer of Jamaica Citizens presents invoices and/or bills of lading.