610 So.2d 57 (1992)
FLORIDA NATIONAL BANK, et al., Appellants,
v.
ISAAC INDUSTRIES, INC., Appellee.
No. 92-743.
District Court of Appeal of Florida, Third District.
December 8, 1992.
*58 Friedman, Baur, Miller & Webner, P.A., and Douglas L. Oppenheimer, Miami, for appellants.
Dunn & Lodish, P.A., and Barbara A. Eagan and Mitchell E. Widom, Miami, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
First Union National Bank appeals from a final judgment in an action for conversion of checks. We affirm.
This case recurs following our reversal of a summary judgment in favor of Florida National Bank and our remand for a determination of whether there was actual or constructive delivery of the checks to Isaac Industries. Florida National Bank v. Isaac Industries, Inc., 560 So.2d 1203 (Fla. 3d DCA 1990). Because the facts are set forth in the prior appeal, only the salient facts will be discussed here.
Roger Khemlani, on behalf of Nirmaco Corp., ordered chemicals from Isaac Industries to be shipped to Issar Company in Jamaica. Isaac Industries obtained two post dated checks, and the chemicals were shipped to Issar Co. When Isaac Industries, the payee, attempted to cash the checks, it found out that an order to stop payment had been requested. The payee subsequently discovered that two other checks payable to the payee had been issued. Under Jamaican law, Issar Co. could not write a check directly to the payee. Thus, Jamaica Citizens Bank issued the checks payable to the payee to be drawn against its account at Florida National Bank. The payee never received the checks. Mr. Khemlani somehow ended up with possession of the checks. He forged the payee's endorsement and deposited the checks in Nirmaco's account at Southeast Bank. Florida National paid the checks.
The payee sued Florida National for conversion pursuant to section 673.419, Florida Statutes (1987). On remand, the trial court agreed with the general master's findings that the payee received constructive delivery of the checks. First Union National Bank now appeals.[1]
Isaac Industries received constructive delivery of the checks, and thus, it can sue First Union for conversion of checks under section 673.419. A payee has a cause of action against a drawee bank if the bank pays a check on a forged endorsement. § 673.419, Florida Statutes (1987); Bloempoort v. Regency Bank of Florida, 567 So.2d 923 (Fla. 2d DCA 1990). The payee, however, acquires no rights on a check before delivery. City National Bank of Miami v. Wernick, 368 So.2d 934, 936 (Fla. 3d DCA), cert. denied, 378 So.2d 350 (Fla. 1979). Thus, a payee can recover against the drawee bank only if the payee received actual or constructive delivery of the checks. Bloempoort, 567 So.2d at 924; Wernick, 368 So.2d at 936-937. Constructive delivery occurs "when the maker in some way evidenced an intention to make ... [the check] an enforceable obligation against himself, according to its terms, by surrendering control over it and intentionally placing it under the power of the payee or some third person for his use." Wernick, 368 So.2d at 937 (emphasis added).
This case is similar to Bloempoort, where the court held that the payees had a cause of action against the drawee bank because they received constructive delivery. 567 So.2d at 924. In Bloempoort, purchasers of a house gave a mortgage on the house to the sellers. The purchasers later refinanced the mortgage without the sellers' knowledge. The maker, a closing agent, wrote a check in the sellers' name in the exact amount unpaid on the mortgage and gave it to the purchasers. The purchasers, who had an outstanding obligation to the sellers, forged the sellers' signature *59 and cashed the check. The court held that constructive delivery had occurred because by surrendering the check to the purchasers in an amount equal to that due the sellers, the maker of the check intended for the check to be an enforceable obligation. Bloempoort, 567 So.2d at 924.
In this case the maker, Jamaica Citizens, issued a check to the payee and gave it to Issar Co., who had an outstanding obligation to the payee. Jamaica Citizens issued checks to the payee in the exact amount of Issar Co.'s outstanding obligation. Moreover, Jamaica Citizens surrendered the checks to Issar Co. for the use and benefit of the payee. Therefore, as in Bloempoort, constructive delivery occurred.
First Union argues that Bloempoort does not apply because there the court dealt with delivery of an ordinary check and not with delivery of bank drafts. First Union suggests that delivery of bank drafts should be treated like delivery of cashier's checks, and argues that where bank drafts are used, the payee acquires no rights in the checks unless there is delivery past the purchaser. Cf. Lawrence v. Central Plaza Bank and Trust Co., 469 So.2d 201 (Fla. 2d DCA 1985) (holding that the purchaser of a cashier's check, who did not deliver it to the payee, had an ownership interest in the check until he delivered the check to the payee).[2] We disagree with First Union's analysis. Constructive delivery depends on the circumstances of the making and surrendering of the check and not on the type of check used in the transaction.
Issar Co. used bank drafts to pay for its obligations. Bank drafts are simply checks drawn by one bank on its account at another bank. Henry J. Bailey & Richard B. Hagedorn, Brady on Bank Checks, para. 1.18 at 1-26 (7th ed. 1992). The maker of a bank draft is a bank as opposed to an individual or a corporation. Applying Florida law to the facts of this case, constructive delivery occurred if Jamaica Citizens, the maker, intended the bank drafts to be an enforceable obligation and surrendered the checks to Issar Co. for the payee's use or benefit. Bloempoort, 567 So.2d at 924; Wernick, 368 So.2d at 937. Jamaica Citizens needed specific authority from the Central Bank of Jamaica to issue the bank drafts. Issar Co. presented commercial invoices and bills of lading to the Central Bank which authorized the issuance. Thus, Jamaica Citizens was aware of the extent of Issar Co.'s obligations when it issued the bank drafts to the payee in the exact amount of the invoices. Under these circumstances, constructive delivery occurred because Jamaica Citizens intended to create an enforceable obligation, and the initial delivery of the bank drafts to Issar Co. was intended for further delivery to the payee or for its use or benefit.
Affirmed.
NOTES
[1] First Union purchased Florida National Bank and assumed its liabilities. The real party in interest here is First Union National Bank.
[2] We agree with the holding in Lawrence but express no opinion as to whether there must be delivery past the purchaser of a cashier's check for a payee to acquire any rights in the check.