735 So.2d 519 (1999)
RACSO DIAGNOSTIC, INC., Appellant,
v.
COMMUNITY BANK OF HOMESTEAD, Appellee.
No. 98-2307.
District Court of Appeal of Florida, Third District.
May 5, 1999.
Opinion Granting Motion for Clarification and Denying Rehearing June 16, 1999.
Jorge L. Fors and Jose M. De La O, Coral Gables; Fernando Mata, for appellant.
Freshman, Freshman & Traitz; Jay M. Levy, Miami, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.
FLETCHER, Judge.
The summary final judgment entered in favor of Community Bank of Homestead [Community Bank] is reversed. *520 There remain genuine issues of material fact as to whether certain stolen checks written to the order of Racso Diagnostic, Inc. [Racso] in payment for medical services it rendered, but paid to a thief by Community Bank over forged endorsements, were constructively delivered to plaintiff/payee/creditor when they were properly addressed to Racso and deposited in the mail by the drawers. See, e.g., Florida Nat'l Bank v. Isaac Indus., 610 So.2d 57 (Fla. 3d DCA 1992); Bloempoort v. Regency Bank of Fla., 567 So.2d 923 (Fla. 2d DCA 1990); see also 1 Henry J. Bailey and Richard B. Hagedorn, Brady on Bank Checks § 5.07, at 5-18 n. 79 (revised ed.1999), and cases cited therein. If the factual issue of constructive delivery is ultimately decided in Racso's favor, as a holder of the checks pursuant to section 673.2031, Florida Statutes (1997), Racso would be a proper party plaintiff in a conversion action for payment of the checks over a forged endorsement. See Isaac, 610 So.2d at 58.
With regard to point two of this appeal concerning the propriety of the trial court's dismissal of plaintiff's common law negligence count, we agree with plaintiff that this order was improperly entered in reliance on our opinion in Florida Nat'l Bank v. Isaac Indus., 560 So.2d 1203, 1204 (Fla. 3d DCA 1990). We note, as plaintiff contends, that the applicable section of Florida's version of the Uniform Commercial Code [UCC], current section 673.4201 (former section 673.419), Florida Statutes (1997), was substantially amended by the legislature in 1992. The former section, upon which the decision in Isaac Industries was based, contained the following relevant words: a depository or collection bank (as Community Bank is here) is "not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his [the bank's] hands."(emphasis added). The current version, passed in 1992, omits the "or otherwise" language of the former statute and we agree that such omission evidences the legislative intent to alter the holding in Florida Nat'l Bank v. Isaac Indus. so as to permit injured parties to bring common law actions for negligence against banks which pay on forged endorsements, provided the plaintiff can actually prove that it was the holder of an instrument as to which the bank failed to exercise ordinary care and dealt with in a way which was not commercially reasonable. See Federal Ins. Co. v. NCNB Nat'l Bank of N.C., 958 F.2d 1544 (11th Cir.1992). But see Equitable Life Assurance Soc'y v. Okey, 812 F.2d 906 (4th Cir.1987)(prior statute interpreted under South Carolina law); Florida Nat'l Bank v. Isaac Indus., 560 So.2d 1203 (Fla. 3d DCA 1990)(prior statute; reliance on Okey). Because Isaac Indus.'s holding regarding the displacement of a common law negligence action is based on the former statute, we believe that this holding is abrogated by the new statute, and thus we are not bound to follow Isaac Indus. in light of the legislative intent to allow common law causes of action in addition to UCC conversion where appropriate under the new statute.
Reversed and remanded.

ON MOTION FOR REHEARING AND TO CORRECT OPINION
FLETCHER, Judge.
Community Bank points out to us that there has been no determination by the trial court that the checks written to Racso were paid to a thief. Rather, Community Bank states, the checks were presented for payment by a customer of Community Bank for deposit to its account and that Community Bank so credited the money. In response Racso contends that, in any event, the identity and role of the thief or customer will be an issue of fact to be determined by the trier of factwhich, obviously, is not this court. Accordingly we clarify our opinion to reflect that the customer/thief issue and its materiality remain for determination by the trial court.
The motion is otherwise denied.