Argued and submitted January 14, reversed and remanded March 30, 1983

LEE et ux,
*Respondents - Cross-Appellants,*
GUARDALABENE et al,
*Respondents,*
*v.*
MAGNUSON et al,
*Appellants - Cross-Respondents.*

(78-7734; CA A23342)

660 P2d 1095

Harold D. Gillis, Eugene, argued the cause and filed the briefs for appellants - cross-respondents.

Daniel H. Rosenhouse, Portland, argued the cause for respondents and respondents - cross-appellants. With him on the brief was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This declaratory judgment action was brought to determine plaintiffs' right to use an airstrip which is owned by defendants and abuts the separate properties of plaintiffs.

Plaintiffs Guardalabene, Webb and Larsen purchased their tracts from defendants pursuant to land sale contracts which provide that "Purchaser will have rights to use existing airplane runway subject to payment of annual fee." Plaintiffs Lee purchased a tract from defendants in a cash transaction. Neither the deed nor other papers relating to that transaction make reference to access to the runway. The Lees have resold the property, and the deed they executed contains no such reference. The Lees also own another piece of property abutting the airstrip, which they purchased from sellers other than defendants (the Crowells). They contend that defendant Conrad Magnuson made representations that they would have perpetual access to the runway, that they have expended substantial sums in reliance on those representations and that defendant Laura Magnuson acquiesced in the representations by being present when they were made and by voicing no objection. Plaintiffs allege that they have an easement to use the airstrip. Defendants deny that allegation and plead affirmatively that plaintiffs' failure to pay a required fee for the year 1978 upon demand terminated any rights they may have had.

The trial court concluded that the Guardalabenes, Webbs and Larsen had been granted "a permanent license in the nature of an easement" by the contracts and that the Lees had a similar interest, appurtenant to the property they purchased from the Crowells, arising from "detrimental reliance and not contract."[1] The court did not grant the Lees any rights appurtenant to the property they had purchased from defendants. The court established the following formula for setting the fee for plaintiffs' use of the airstrip:

"* * * Except as may be mutually agreed upon by all persons having an interest in the previously described

---

[1] Defendants do not assign error to the trial court's ruling concerning the existence or nature of plaintiffs' interests.

airstrip, the fee shall include and be limited to the yearly cost of maintenance and repairs for the airstrip including mowing, fertilization, watering, seeding, graveling and leveling and the cost of premiums for insurance which may be required for the use of the airstrip. * * *"

The court also ruled:

"* * * Failure to pay the annual fee within 90 days of the date of notice will result in loss of the license."

■ ■ Defendants appeal from the court's "Amended Judgment and Decree,"[2] and the Lees cross-appeal from the

---

[2] Although the parties do not raise it, there is some question as to whether we have jurisdiction. The original judgment was entered on October 27, 1981. No appeal was taken from it. The amended judgment was entered on December 7, 1981. The appeal and cross-appeal were timely counting from the date of the amended judgment but not from the date of the original judgment, and the amended judgment was entered after the time for appealing the first judgment had run.

We find no Oregon case decided since the present statutory scheme governing appellate jurisdiction took effect that expressly answers whether there can be an appeal from an amended judgment if no appeal was taken from the original judgment within the statutory period. In *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 601 P2d 1237 (1979), the Supreme Court affirmed our dismissal of an appeal from a second judgment which the trial judge entered after vacating an *identical* earlier judgment. The court stated:

"There is no doubt but that under normal circumstances trial courts have inherent authority to vacate or amend their judgments. * * * However, in none of these cases was the inherent authority of the trial court to rectify its mistake approved for the purpose of lengthening the statutory time for appeal. ORS 19.033(2) provides:

" 'The serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional and may not be waived or extended.'

"It is our conclusion that in the face of the statute the trial court has no authority to set aside one judgment and enter another *for the sole purpose* of extending the time for appeal. Such action would be in direct contradiction of the statute." 287 Or at 658-59. (Citations and footnote omitted; emphasis in original.)

It is arguably implicit in that language that, when a trial court properly amends a judgment for reasons other than extending the time for appeal, the later judgment is appealable and the time for appeal runs from its entry.

Here, the amended judgment differs from the first, principally in its language relating to the annual fee. The record does not fully explain to us why or on whose motion the judgment was amended, except that the amended judgment recites that "certain language employed in the JUDGMENT AND DECREE entered on the 27th day of October, 1981 was not clear or in compliance with the court's findings * * *."

There are problems with either answer. We conclude that, absent clearer direction from the Supreme Court and in light of the record here, the amended judgment is an appealable order.

court's denial of their claim to rights appurtenant to the property they acquired from defendants. Defendants assign error to the trial court's formula for calculation of the fee for use of the airstrip.[3] They argue:

> "The agreement specifies that runway use is 'subject to payment of annual fee'. The agreement does not limit the fee to costs. Webster defines a 'fee' as a charge for service.
> * * *
>
> "* * * * *
>
> "But the defendants here are operating a business — and the specific language in the written instruments with the plaintiffs (other than Lee) is that their use is subject to payment of an annual 'fee' — a charge for a service, and not an expense as the trial court has fixed it. In declaring rights the court is limited by ORS 42.230 and the rule that a court cannot read into a writing a provision that isn't there or read out a provision that is there * * *. But that is what the trial court has done: read out 'fee' and inserted 'expense.'" (Citations omitted.)

Plaintiffs rely on *Van Natta v. Nys and Erickson et al*, 203 Or 204, 278 P2d 163, 279 P2d 657 (1954), *overruled on unrelated grounds, Garza v. Grayson,* 255 Or 413, 417, 467 P2d 960 (1970), to support their contention that the court was correct "in setting a fee based on maintenance and repairs." The court held in *Van Natta* that, where a road subject to an easement is used by the owners of both the dominant and servient estates:

> "* * * A reasonable approximation of the wear and tear caused by each is all that can be sought. The cost of restoration and the expense of future maintenance of the road must be apportioned between the owner of the dominant tenement and the owners of the servient tenement upon some basis * * *." 203 Or at 234.

*See also Marsh v. Pullen,* 50 Or App 405, 409-10, 623 P2d 1078, *rev den* 290 Or 853 (1981).

In our view, the issue in *Van Natta* is unrelated to the fixing of the annual fee in this case. The responsibility of the parties in *Van Natta* for maintenance and repair of the road was not a contractual obligation, and it was not

---

[3] None of the parties argues that the trial court lacked authority to establish the fee or a formula for setting the fee under the parties' contracts.

analogous to the payment of a fee. It arose as a matter of law as an incident of their shared use of the road. *See* 28 CJS 774, Easements, § 94a (1941). Here, the "annual fee" for the use of the airstrip is a contractual requirement that was presumably not intended to duplicate any obligation for maintenance and repair plaintiffs might owe defendants independently of their contracts. We agree with defendants that the "annual fee" required by the contracts is a charge for the services defendants are to provide plaintiffs in connection with the use of the airstrip. It follows that the trial court erred in the portion of its judgment relating to the annual fee and that further proceedings are necessary on that issue.

Defendants assign error to the trial court's award of costs and attorney fees to plaintiffs Guardalabene, Webb and Larsen pursuant to a provision of the land sale contracts that the prevailing party is entitled to recover attorney fees in the event of litigation. Defendants argue that plaintiffs were not the prevailing parties in the trial court. Dubious as that proposition might otherwise be, our remand has the necessary effect of vacating any award of costs and attorney fees for the time being.

Defendants' remaining assignments of error and the assignment in the Lees' cross-appeal turn on settled legal propositions or involve questions of fact which the trial court correctly decided.[4]

Reversed and remanded.

---

[4] The parties do not address whether our review is *de novo* or for substantial evidence or differs in connection with the various causes of actions and counts. We agree with the findings of the trial court pertinent to the assignments of error we do not find it necessary to discuss.