Argued and submitted January 27, affirmed April 16, 1986

MAGNUSON et al,
*Appellants,*

*v.*

LAKE,
*Respondent.*

(16-83-06070; CA A36062)

717 P2d 1216

Alexander A. Wold, Jr., Eugene, argued the cause for

appellants. With him on the brief were Dwyer, Simpson & Wold, P.C., Eugene.

Leslie M. Swanson, Jr., Eugene, argued the cause for respondent. With him on the brief were Sharon A. Rudnick and Harrang, Swanson, Long & Watkinson, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

This is a legal malpractice case. Plaintiffs' claim was dismissed for failure to commence the action within the period prescribed by the Statute of Limitations. Plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment on the limitations issue, because there were genuine, unresolved issues of fact regarding the accrual of plaintiffs' cause of action and defendant's waiver of, or estoppel to assert, the limitations defense.

Plaintiffs entered into a contract to sell real property on November 30, 1976. Before entering the contract, plaintiffs consulted defendant, an attorney, who helped them draft a clause relating to the purchaser's right to use an adjacent airplane runway. Plaintiffs later sold three other parcels adjacent to the runway to other parties and used the same contract for two of those sales. The clause, which is the basis of plaintiffs' malpractice claim, reads: "Purchaser will have rights to use existing airplane runway subject to payment of annual fee."

Plaintiffs and the purchasers subsequently became involved in a dispute concerning the right to use, and fees for the use of, the runway. On December 4, 1978, the purchasers commenced a declaratory judgment action against plaintiffs to determine their rights and obligations concerning the runway. The complaint was served on December 1, 1978. Plaintiffs were also served with a restraining order that prevented them from collecting fees for the use of the runway and from closing the runway or otherwise preventing the purchasers from using it. Defendant represented plaintiffs at that time.

Plaintiffs requested an opinion from another attorney concerning the disputed clause and the merits of the pending declaratory judgment action. He responded by a letter dated June 9, 1979:

> "The provisions in the land sale contracts and/or deeds were wholly inadequate to (1) define what type of legal interest you granted to use the air strip and (2) define the rights and obligations of you and those persons permitted by the instruments to use the air strip. It is those inadequacies which lead to your present dilemma.

"I view the wording in the instruments to be sufficiently ambiguous so as to permit the court at trial to consider 'extrinsic' evidence as an aid to interpretation of the meaning of the words used in the contracts and deeds."

The opinion also stated that there was a strong possibility that the purchasers' interests would be declared an easement appurtenant to the land rather than a personal license and that plaintiffs would bear the burden to overcome the presumption that the interest is an easement. The trial court entered an order on July 29, 1979, on plaintiffs' motion substituting the second attorney for this defendant as plaintiffs' attorney in the declaratory judgment action.

On October 27, 1981, the trial court entered a judgment against plaintiffs, declaring that three of the purchasers had acquired "a permanent license in the nature of an easement" appurtenant to their properties in the airstrip subject to payment of a reasonable annual fee, and awarding attorney fees and costs. A modified judgment was entered on December 7, 1981, limiting the fee to the cost of maintenance and repair of the airstrip and premiums for insurance relating to its use. We reversed that judgment on March 30, 1983, holding that the trial court erred in so limiting the allowable fee. *Lee v. Magnuson,* 62 Or App 400, 660 P2d 1095 (1983). The trial court entered a judgment on remand on March 30, 1984, which established the fees, retroactive to the time of sale.

On January 2, 1980, plaintiff Conrad Magnuson made a complaint about defendant's purported negligence to the Oregon State Bar's Professional Liability Fund (PLF). Joan Johnson, who handled the claim for the PLF, reviewed materials concerning the complaint with plaintiffs sometime in February, 1980. Magnuson stated in an affidavit in this action that Johnson told him at that time that Magnuson

"* * * could not do anything until the judge made a decision on the [declaratory judgment] case and that nothing could be done until [he] knew what, if anything, [he] had lost, and to wait until the judge made a ruling * * *.

"* * * * *

"That in reliance on Joan Johnson's statements, I refrained from filing suit against Mr. Lake until I knew that I had been damaged * * *."

Johnson stated in an affidavit in this action:

"On October 16, 1980, I telephoned [the] attorney * * * who represented the Magnusons. In response to [his] request that the Professional Liability Fund waive the statute of limitation defense and permit the declaratory judgment to proceed to conclusion, I told [him] that the Professional Liability Fund could not waive that defense and that he and the Magnusons would have to decide themselves whether to file a malpractice complaint now or when the declaratory judgment proceeding was concluded."

Plaintiffs filed their malpractice complaint on July 27, 1983. The trial court granted defendant's motion for summary judgment on the ground that the Statute of Limitations barred the claim.

An action for legal malpractice must be commenced within two years of its accrual. ORS 12.110(1); *U.S. Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976). A cause of action accrues when the plaintiff is or should reasonably be aware of the occurrence of harm and that the negligence of the attorney was the probable cause of the harm. *U.S. Nat'l Bank v. Davies, supra,* 274 Or at 670. Plaintiffs first contend on appeal that there was an issue of fact concerning when they sustained damage which precluded the granting of summary judgment. They concede in their brief that "[t]here is no dispute about the fact that plaintiffs knew of the problem concerning the runway use clause two years before filing their case," but argue that they were not harmed by defendant's conceded negligence until the first judgment was entered against them on October 27, 1981. Plaintiffs rely on *U.S. Nat'l Bank v. Davies, supra,* for the proposition that the cause of action for malpractice did not accrue until the plaintiffs were harmed by the entry of a judgment against them.

*Davies* held that a plaintiff may not be aware of an attorney's negligence until the resolution of a lawsuit which depends on the legality of an attorney's advice. The Supreme Court stated that the necessity to defend an action which arose out of an attorney's advice constitutes harm, but does not necessarily alert the plaintiff to the attorney's negligence.

"There is no doubt that decedent's necessity to defend the action caused him damage more than two years prior to the commencement of the present action. It is not so clear, however, that at that time it could yet be determined that his

expense of defense *was caused by* negligent advice by defendants. In many situations the closeness of the legal questions involved would make it impossible to ascertain until the ultimate determination of the case whether it was brought as the result of the attorney's bad advice or whether it was the result of a misapprehension on the part of the party who sued as to his legal rights." 274 Or at 668. (Emphasis in original.)

In *Jaquith v. Ferris,* 297 Or 783, 687 P2d 1083 (1984), the plaintiff sued her realtor for negligence in undervaluing property which she sold. Aware of the undervaluation, the plaintiff resisted an action by the purchaser for specific performance of the sales contract. After losing the action and conveying her property, the plaintiff commenced an action against the realtor. She discovered the realtor's negligence in May, 1978, and this court held that the purchaser was entitled to a summary judgment against her in the specific performance action action in June, 1980. *Jones v. Jaquith,* 46 Or App 671, 612 P2d 770 (1980). The plaintiff commenced the negligence action in July, 1981. The Supreme Court held that the action was barred by the Statute of Limitations. The plaintiff, as in this case, was aware of the defendant's negligence more than two years before she filed her complaint; however, she claimed that "she sustained no harm until the extent of her damage was ascertained * * *." 297 Or at 788. The Supreme Court rejected that argument, holding:

"* * * [i]t is immaterial that the extent of damages could not be determined at the time of the [tort]' for purposes of determining when the statute of limitation commenced to run. * * * Plaintiff's contractual obligation itself caused harm. The earnest money agreement was an established liability, notwithstanding potential contract defenses. * * * The legal costs plaintiff assumed to resist her contractual duty to convey likewise constituted harm * * *." 297 Or at 788. (Citations omitted.)

Because plaintiffs concede that they knew of defendant's negligence more than two years before they commenced this action, but contend that they were not harmed until the former action was resolved, this case is closer to *Jaquith* than it is to *U.S. Nat'l Bank v. Davies, supra. See also Godfrey v. Bick & Monte,* 77 Or App 429, 713 P2d 655 (1986); *Fliegel v. Davis,* 73 Or App 546, 699 P2d 674, *rev den* 299 Or 583 (1985); *St. Paul Fire & Marine Ins. v. Speerstra,* 63 Or App 533, 538, 666 P2d 255, *rev den* 296 Or 773 (1983); Plaintiffs knew as of

June 9, 1979, that defendant was negligent in drafting the clause when they received the unequivocal legal opinion of another attorney. They were injured in December, 1978, when they were forced to defend the declaratory judgment action and were restrained from collecting user fees and interfering with the purchasers' use of the runway. By June 9, 1979, they knew that defendant's negligence in drafting the clause was the cause of their harm. Plaintiffs' cause of action had accrued in June, 1979, and their claim, filed on July 27, 1983, was barred by the Statute of Limitations.

■ Plaintiffs also contend that there was an issue of fact as to whether defendant waived, or should be estopped to assert, the defense of the Statute of Limitations. They claim that Johnson's statement in February, 1980, constituted a waiver. Assuming that Johnson had authority to waive the defense for defendant and that the statement was an effective waiver, Johnson's communication to plaintiffs' attorney, which is not denied, almost eight months before the limitation period expired, that the PLF could not waive that defense, makes any later reliance on her February statement unreasonable as a matter of law. The Statute of Limitations bars this action.

Affirmed.