THREADGILL, Judge.
Appellant, Jimmy V. Aprile, Jr., individually and as trustee, challenges a final summary judgment in favor of Suncoast Schools Federal Credit Union. We reverse.
The appellant and his former wife, Mel-vine M. Aprile, opened a joint money market account on March 3, 1986, with The Vanguard Group, Inc. They established the account with $149,412.98, in their names as trustees under a declaration of trust for the benefit of Jimmy Aprile, Jr., et al.
*1292 On April 16, 1986, Melvine redeemed the account without the appellant’s knowledge or consent. Vanguard issued a redemption check payable as above in the amount of $149,412.98. Melvine presented the check to Suncoast with the appellant’s forged in-dorsement and deposited the amount into her individual accounts with Suncoast on April 16, 1986.
On April 26, 1990, the appellant filed this suit against Suncoast and Vanguard pursuant to section 673.419, Florida Statutes (1985) for conversion of a negotiable instrument by paying over on a forged indorsement. Vanguard was later dropped as a party defendant. Suncoast moved for summary judgment on the ground that the action was barred by the statutes of limitations set forth in subsections 674.406(4) and 95.11(3)(k), Florida Statutes (1985). The trial court granted the motion on both grounds.
The appellant raises two points on appeal. First, he contends that the statute of limitations defense under subsection 674.-406(4), is unavailable to Suncoast because the appellant did not receive a statement of account accompanied by the converted instrument. He contends in his second point that summary judgment was precluded based on the statute of limitations under subsection 95.11(3)(k) because a dispute of material fact remained as to when the limitations period began.
We agree with the appellant as to his first point on appeal. Under subsection 674.406(4), a customer has one year within which to discover and report his unauthorized signature or any alteration on the face or back of the item. He has three years to discover and report any unauthorized indorsement. The statute begins to run from the time the bank makes the statement and items available to the customer. These limitations are inapplicable in this case because they are predicated upon the drawee bank’s furnishing a statement of account accompanied by the items paid. Lawrence v. Central Plaza Bank and Trust Co., 469 So.2d 201 (Fla. 2d DCA 1985). Suncoast was merely the depositary and collecting bank. See § 674.105, Fla. Stat. (1989). It therefore did not furnish the appellant with a statement reflecting Melvine’s transaction. Because the redemption check was drawn on Vanguard’s account, it was not returned to the appellant after it was negotiated on his forged indorsement. This court has consistently found this statute of limitations defense available only where the owner or payee receives a statement and the contested items. Lawrence, 469 So.2d at 204; see Florida Federal Savings & Loan Association v. Martin, 400 So.2d 151 (Fla. 2d DCA 1981).
Although Vanguard did send a statement to the appellant, the statement reflected the redemption, not the disposition of the check after delivery to the payee. The appellant does not contest the redemption, only the improper payment over his forged indorsement. Vanguard’s statement does not alert the appellant to the conversion.
Finally, the statute of limitations in subsection 674.406(4), is inapplicable in this case because the redemption check was drawn against Vanguard’s account, not the appellant’s. We have held this subsection to deal exclusively with forgeries upon checks drawn against the customer’s account. Patterson Produce Company, Inc. v. First National Bank of Florida, 475 So.2d 1368 (Fla. 2d DCA 1985).
Although Suncoast may not prevail on its affirmative defense of statute of limitations under subsection 674.406(4), it is still entitled to a factual determination of its defenses against conversion which are provided by subsection 673.419(3), Florida Statutes (1985). See Lawrence, 469 So.2d at 204.
We also agree with the appellant’s second point on appeal. Summary judgment on the statute of limitations defense under subsection 95.11(3)(k), was precluded by the existence of a dispute of material fact as to when the limitations period began to run. This statute provides for four *1293 years within which to bring an action on an obligation not founded on a written instrument.
Both parties' agree that the time limitation in this case began to run when the appellant discovered or should have discovered the forgery. Miami Beach First National Bank v. Edgerly, 121 So.2d 417 (Fla.1960). The question of when the plaintiff should have discovered the forgery, however, is a question of fact. Id.; Ratner v. Bernabo, 495 So.2d 839 (Fla. 3d DCA 1986); see Salvaggio v. Austin, 336 So.2d 1282 (Fla. 2d DCA 1976). The appellant represented that he actually learned of the forgery approximately three years after the conversion and that he had no way of knowing about it sooner.. Suncoast, on the other hand, argued that the appellant should have discovered the forgery when he learned of the redemption of the funds by his wife in April 1986. Because the date the limitations period began to run is in dispute, summary judgment is precluded. See Harr v. Hillsborough Community Mental Health Center, 591 So.2d 1051 (Fla. 2d DCA 1991).
Based on the foregoing, we reverse the final summary judgment entered upon the appellant’s action for conversion and remand for a trial on the merits.
Reversed and remanded.
SCHOONOVER, C.J., and CAMPBELL, J., concur.