603 So.2d 717 (1992)
Gerald V. KELLER and Beulah M. Keller, Appellants,
v.
Martha A. REED, Arthur R. Barden, Velma D. Barden and Dawson Title Insurance Agency, Inc., Appellees.
No. 91-02906.
District Court of Appeal of Florida, Second District.
August 26, 1992.
*718 Henry M. Andreasen, Jr. of Sisson & Andreasen, P.A., Fort Myers, for appellants.
Barry R. Hillmyer of Barry R. Hillmyer, P.A., Fort Myers, for appellee Dawson Title Ins. Agency, Inc.
SCHOONOVER, Acting Chief Judge.
The appellants, Gerald V. Keller and, his wife, Beulah M. Keller, challenge a summary judgment in favor of the appellee, Dawson Title Insurance Agency, Inc., granted on the ground that the appellants' negligence action was barred by the statute of limitations. We reverse.
In February 1974, appellant Beulah Keller's parents conveyed Lot 11, Block C, Iona Gardens Subdivision, to the appellants. The parents owned adjoining property, lot 10, in the same mobile home park. At that time, both lot 10 and lot 11 were fifty feet wide. In October 1974, the parents, in order to allow the appellants to comply with county setback requirements, conveyed the west five feet of lot 10 to the appellants.
In 1976, appellant Beulah Keller inherited the remaining forty-five feet of lot 10 from her mother's estate. At that point in time, appellant Beulah Keller owned forty-five feet of lot 10, and the appellants, as husband and wife, held title to lot 11 and the west five feet of lot 10.
In February 1983, the appellants decided to sell the forty-five foot portion of lot 10 to Arthur and Velma Barden. The appellants contacted the appellee to prepare a sales contract and handle the closing. Appellant Beulah Keller and the Bardens executed the sales contract on February 7, 1983. Both appellants executed the warranty deed at the closing on February 10, 1983. The legal description in the sales contract and warranty deed, both prepared by the appellee, contained all of lot 10, including the disputed five foot strip.
The Bardens owned the lot 10 property until December 1987. At that time, Velma Barden, as surviving spouse of Arthur Barden, conveyed lot 10 to Martha Reed. In October 1989, when the appellants attempted to sell lot 11 and the west five foot strip of lot 10, they discovered that the appellee had erroneously included the five foot strip in the legal description of the sales contract and warranty deed in 1983. Record title to the west five feet of lot 10 was, therefore, in the name of Martha Reed. From the time the appellants conveyed lot 10 to the Bardens in 1983 until the appellants discovered the discrepancy in the legal description in 1989, all parties treated a point approximately equidistant from each mobile home as the property line between the adjoining lots. Although this line had not been staked or marked, it was believed to be the approximate line of the appellants' lot 11 property plus the west five feet of lot 10.
On January 22, 1990, the appellants filed an action which included a negligence count *719 against the appellee. The appellants alleged, among other things, that they specifically informed the appellee, prior to closing, of the previous setback problems they encountered and that the west five feet of lot 10 should not be included in the conveyance. The appellants asserted that the appellee negligently performed closing services and negligently prepared the warranty deed by erroneously including the west five feet of lot 10 in the legal description. In addition, the appellants stated that the discrepancy in the legal description is not a title defect or deficiency readily recognizable by persons who lack special knowledge or expertise in real estate conveyances and title matters and, therefore, they did not discover the erroneous transfer of the five foot strip until their October 1989 efforts to sell their property.
In its answer, the appellee raised several affirmative defenses including that the four year statute of limitations for negligence actions had expired before the filing of the action. The appellee subsequently served interrogatories on the appellants. In response, the appellants answered that they read and write the English language, that they voluntarily signed the sales contract and that the appellee prepared the contract. When asked if they were aware of the contents of the contract and if the contract was clear and unambiguous, the appellants answered no because they did not understand legal descriptions and because they relied on the appellee to properly prepare the contract to reflect the agreement between the parties. When asked whether the warranty deed contained the same legal description as the contract, the appellants answered that the wording of the deed did not match that of the contract.
The appellee moved for summary judgment on several grounds, including that the statute of limitations barred the appellants' negligence action. The trial court granted summary judgment for the appellee solely on the statute of limitations issue. The trial court reasoned that although the moment when a statute of limitations begins to run is a factual issue, there was no genuine issue of material fact to preclude the court from finding, as a matter of law, that the appellants should have known on February 10, 1983, when they executed the warranty deed, that they were conveying more property than intended. In concluding that the instruments were clear and unambiguous and were voluntarily executed, the trial court stated that the fact the appellants did not actually know what they were conveying on that date becomes irrelevant. The trial court found that the law charges the appellants with knowledge as of that date sufficient to hold them to the "should-have-known" test for accrual of cause of action purposes. This timely appeal followed.
The statute of limitations applicable to a negligence action is four years. § 95.11(3)(a), Fla. Stat. (1989). The statute of limitations begins to run from the time the cause of action accrues. § 95.031, Fla. Stat. (1989). See Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla. 1978). A cause of action accrues when the last element constituting the cause of action occurs. § 95.031(1). See Bauld. In a negligence action, Florida courts have held that the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights. Lund v. Cook, 354 So.2d 940 (Fla. 1st DCA), cert. denied, 360 So.2d 1247 (Fla. 1978); Neff v. Gen. Dev. Corp., 354 So.2d 1275 (Fla. 2d DCA 1978), citing Smith v. Continental Ins. Co., 326 So.2d 189 (Fla. 2d DCA 1976). See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990); Flanagan v. Wagner, Nugent, 594 So.2d 776 (Fla. 4th DCA 1992); Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 3d DCA 1984).
To prevail on a motion for summary judgment based on the statute of limitations, the moving party must conclusively demonstrate that there is no disputed issue of material fact as to when the nonmoving party discovered or should have discovered the invasion of his or her legal rights. Board of Trustees v. Caudill Rowlett Scott, Inc., 461 So.2d 239 (Fla. 1st *720 DCA 1984), review denied, 472 So.2d 1180 (Fla. 1985); Green v. Adams, 343 So.2d 636 (Fla. 4th DCA), cert. denied, 353 So.2d 673 (Fla. 1977). Further, all reasonable inferences must be drawn in favor of the nonmoving party. Caudill Rowlett. The appellee did not carry its burden in this case.
The determination of when a person knew, or with the exercise of due diligence should have known, of the invasion of his or her legal rights is ordinarily a question for the trier of fact. Flanagan; Aprile v. Suncoast Schools Fed. Credit Union, 596 So.2d 1290 (Fla. 2d DCA 1992); Hawkins v. Washington Shores Savings Bank, 509 So.2d 1314 (Fla. 5th DCA 1987). The appellants contend that they were not aware of the appellee's negligence until 1989 and have asserted facts in their complaint and under oath in their answers to interrogatories that could support a finding that they should not have discovered the existence of their cause of action earlier. The appellants swore that they do not understand legal descriptions and have no experience or expertise in real estate matters. The appellee, on the other hand, contends that because the appellants had knowledge of their prior setback problems and the 1974 conveyance of the five foot strip, and because the appellants alleged that they informed the appellee about the five foot strip prior to closing, the appellants knew or should have known of the invasion of their legal rights on the date they executed the warranty deed. This evidence creates a question of fact and the trier of fact will have to decide based upon all of the evidence whether the appellants should have known of the appellee's error earlier than 1989. Since the date the limitations period began to run is in dispute, this issue of material fact precluded summary judgment. Aprile; Vellanti v. Maercks, 590 So.2d 495 (Fla. 3d DCA 1991); Branford State Bank v. Hackney Tractor Co., Inc., 455 So.2d 541 (Fla. 1st DCA 1984).
We reject the appellee's contention, and the trial court's holding, that the statute of limitations began to run, as a matter of law, on the date the appellants executed the deed conveying the entire lot. We agree that generally parties to a written instrument have a duty to learn and understand the contents of that instrument before signing it. Onderko v. Advanced Auto Ins., Inc., 477 So.2d 1026 (Fla. 2d DCA 1985); Parham v. East Bay Raceway, 442 So.2d 399 (Fla. 2d DCA 1983). These cases, however, do not stand for the proposition that a party is presumed to know the contents of any document he or she signs in all circumstances regardless of the underlying cause of action. In Onderko and Parham, this court held that a party could not defend against enforcement of a written agreement on the ground that he or she did not read or understand it. This rule of law provides that ignorance of the contents of a document does not ordinarily affect the liability of one who signs it. See Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla. 1977); Onderko; Parham. See also Reliable Fin. Co. v. Axon, 336 So.2d 1271 (Fla. 2d DCA 1976), citing All Florida Surety Co. v. Coker, 88 So.2d 508 (Fla. 1956) (purpose of rule is to give stability and value to written agreements).
In this appeal, however, the obligations of the respective parties to the contract or deed are not at issue. The issue in this case, as it relates to the appellee, is not whether the appellants are bound by the sales contract or warranty deed. This is a negligence action. The appellants have alleged that the appellee had a duty to exercise reasonable care in performing the closing services and preparing the warranty deed and that the appellee breached its duty by negligently preparing the closing documents. The appellants have alleged that they retained the services of the appellee because they did not understand legal descriptions or the contents of a warranty deed. Had the appellants retained an attorney to perform the same services, the attorney would not have been allowed to argue, on these facts, that the appellants were charged with knowledge of the attorney's negligence in preparing the deed solely because they signed the instrument. See Hennekens v. Hoerl, 160 Wis.2d 144, 465 N.W.2d 812 (1991) (attorney negligently failed to insert financing contingency clause in land purchase agreement); Magnuson *721 v. Lake, 78 Or. App. 620, 717 P.2d 1216 (1986) (attorney negligently prepared clause in contract).
Whether the appellants had a duty to inquire further when the contract or deed was prepared to verify that their intent was carried out in the preparation of the documents is a question for the trier of fact. See Rafkind v. Beer, 426 So.2d 1097 (Fla. 3d DCA 1983); McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA), pet. for review dismissed, 411 So.2d 380 (Fla. 1981). For purposes of determining when the statute of limitations began to run, we cannot agree that the appellants, on these facts, were charged with knowledge of the appellee's alleged negligent act, as a matter of law, on the date they signed the deed. Cf. Vellanti (genuine issue of fact existed as to whether signing of purported release proved plaintiff had actual knowledge of cause of action).
Based on the foregoing, we reverse the final summary judgment entered in favor of the appellee and remand for further proceedings consistent herewith.
Reversed and remanded.
BLUE, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I concur in the reversal of this summary judgment. I write only to address a small concern about the accrual of this cause of action.
I agree that a cause of action for negligence accrues when the last element occurs. Normally, the last element to occur is damage. In legal terms, we usually become aware of "the invasion of our legal rights" when we are hurt. In practical terms, it is not always easy to know when the point of actual, as compared to potential, damage has been reached. For example, even though a client may suffer some economic loss or complications because of either an adverse judgment arising from an attorney's neglect or a tax deficiency notice arising from an accountant's malpractice, the professional negligence claim does not accrue until the appeal process has concluded. Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990).
In this case, the deed which Dawson Title prepared in 1983 to transfer property from Gerald V. Keller and Beulah M. Keller to Arthur and Velma Barden described the property as "Lot 10, Block C, Iona Gardens Subdivision, as per map or plat thereof, filed in Plat Book 17, Page 72, Public Records of Lee County, Florida." It was quite logical for the Kellers to believe that Lot 10 as described in the referenced public records was forty-five feet wide and reflected the five-foot reduction created by the earlier deed. At least until the property was transferred by Mrs. Barden to Martha Reed in 1987, the 1983 deed probably could have been corrected to reflect the true intent of the parties to the 1983 transaction.[1]
It is unclear to me from this record that the Kellers sustained the type of damage sufficient to result in the accrual of a cause of action against Dawson Title until 1987 at the earliest, and perhaps until they decided to sell Lot 11 in 1989. If there had been an earlier "invasion of their legal rights," it had caused no actual damage that I can determine from this record. I agree that the trial court incorrectly granted a summary judgment on statute of limitations. I am not entirely convinced, however, that Dawson Title will be able to prove the type of damage that would have caused the negligence action to accrue more than four years before the filing of this action or that would permit the statute of limitations to be submitted to the jury as a question of fact.
NOTES
[1] An action to quiet title against Martha Reed is still pending, and I express no opinion concerning the merits of that case.