613 So.2d 478 (1992)
P. RICHARD WIRT, Appellant,
v.
CENTRAL LIFE ASSURANCE, COMPANY, etc., Appellee.
No. 91-03452.
District Court of Appeal of Florida, Second District.
November 13, 1992.
Rehearing Denied February 16, 1993.
Carrole R. Ward, Port Richey, for appellant.
Edwin R. Hudson, of Henry, Buchanan, Mick & English, Tallahassee, for appellee.
John N. Jenkins, of Shofi, Smith, Hennen, Jenkins Stanley & Gramovot, Tampa, for appellee.
BLUE, Judge.
P. Richard Wirt (Wirt) challenges a dismissal with prejudice of his fifth amended complaint filed against Richard W. Godfrey (Godfrey) and Central Life Insurance Company (Central). The trial court found that counts based on fraud and misrepresentation were barred by the statute of limitations and that counts based on chapter 895, Florida Statutes (1985), were barred because the civil remedy RICO provisions were unconstitutionally vague. We do not agree.
In 1980 and 1981 Wirt purchased the annuities of a defined benefits and money purchase pension plan. Godfrey as an agent for Central, allegedly represented the sale as single premium annuities and told Wirt to ignore other bills received after the agreed upon payment was made. Wirt alleged in his complaint that he was unaware Godfrey's representations were fraudulent until he received a letter from Central dated June 28, 1985. Wirt argued the statute of limitations should begin to run on this date, and not on the date he signed the policies. The trial court found that the 1980 and 1981 policies, which were made a part of the complaint, revealed as a matter of law that the statute of limitations had expired as to the counts based on fraud and misrepresentation.
Generally parties to a written instrument have a duty to learn and to understand the contents of that instrument before signing it. Onderko v. Advanced Auto Ins., 477 So.2d 1026 (Fla. 2d DCA 1985); Parham v. East Bay Raceway, 442 So.2d 399 (Fla. 2d DCA 1983). These cases, however, do not stand for the proposition that a party is presumed to know the contents of any document he or she signs in all circumstances regardless of the underlying *479 cause of action. Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992). Fraudulent concealment can toll the running of a statute of limitations when the fraud perpetrated upon the injured party places him in ignorance of his right to sue. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976).
In cases of fraud, section 95.031(2), Florida Statutes (1989), commences the running of the four year statute of limitations from the time the facts giving rise to the cause of action were discovered or should have been discovered through the exercise of due diligence. Korman v. Iglesias, 736 F. Supp. 261 (S.D.Fla. 1990). Because the trial court in this case was required to accept the allegations of the complaint as true for purposes of the motion to dismiss, a questions remains concerning the date upon which Wirt knew or should have known of the fraud. In determining when the statute of limitations began to run, we cannot agree with the lower court that Wirt, as a matter of law, was charged with knowledge of the fraudulent acts, on the date he signed the policies. We hold the trial court erred by dismissing the complaint with prejudice.
We hold also that the trial court erred by ruling the civil RICO provisions of chapter 895, Florida Statutes (1985), are unconstitutionally vague. Central argues Justice Scalia's criticism of the non-specific nature of the term "pattern of racketeering" in his concurring opinion to H.J. Inc., v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), supports the lower court's decision. Although this concurring opinion is persuasive, it does not provide authority for the lower court's ruling.
We reverse the dismissal with prejudice of Wirt's fifth amended complaint and remand the case to the trial court for further proceedings in accordance with this opinion.
SCHOONOVER, A.C.J., and ROBERTS, SUSAN W., Associate Judge, concur.