710 So.2d 216 (1998)
FLORIDA AUTOMOBILE FINANCE CORPORATION, etc., Appellant,
v.
Paul REYES, Appellee.
No. 97-1091.
District Court of Appeal of Florida, Third District.
May 6, 1998.
*217 Carl L. Laks, Miami; Jeanne Heyward, Miami, for appellant.
Robert de la Vega, Miami Lakes, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Florida Automobile Financing ("FAF") appeals from a final judgment in favor of Paul Reyes in an action to recover sums due on a sales contract. We affirm.
Reyes bought a used BMW from Schwag Used Cars ("Schwag"). He traded in his 1993 Nissan, and completed a Schwag credit application and a reference form. He also signed numerous other forms that he was told were necessary for the BMW purchase. Reyes obtained a loan for the BMW from Baxter Credit Union ("Baxter"). The loan from Baxter was reflected by an October 7, 1994 cashier's check for $17,000.00 from Baxter to Schwag. Reyes transferred title of his Nissan to Schwag on October 7, 1994, and applied for insurance on the BMW through Baxter.
According to Schwag, Reyes returned to Schwag two weeks later and applied for financing to purchase a 1995 Honda. That loan agreement was assigned to FAF. The purported agreement was supported by a purchase order, dated October 28, 1994, from Reyes to Schwag for a 1995 Honda. Reyes claims that he never agreed to purchase, and never took delivery of a 1995 Honda, although he admitted that the signature on the forms looked like his and that the forms contained information relating to his employment. A certificate of title to a 1995 Honda listed Reyes' correct address.
Eventually, Reyes was contacted by FAF and told that he was in arrears on his loan for the Honda. Reyes told FAF that he had not bought a Honda, and that he made his payments on the BMW directly to Baxter. In the meantime, Reyes learned through media coverage that Schwag was being investigated for criminal fraud. Apparently Schwag had persuaded customers to sign many documentssome of which were used to obtain financing for nonexistent sales. Schwag is now in bankruptcy, and its owner has fled to Argentina.
FAF sued Reyes for nonpayment of the loan on the Honda. The trial court, following a bench trial, entered final judgment for Reyes.
FAF was not a party to the contract, but rather the victim of a scheme made possible by Reyes' signatures on a purchase agreement, a power of attorney, and an insurance letter which allowed Schwag to obtain a certificate of title to the Honda and to sell the "paper" to FAF, thus defrauding FAF. Reyes, as a party to a written instrument, had a duty to read, learn and understand the contents of that instrument before signing it. See RLI Ins. Co. v. Collado, 678 So.2d 1313 (Fla. 2d DCA 1996), review granted sub nom. Almerico v. RLI Ins. Co., 691 So.2d 1079 (Fla.1997); see also Wirt v. Central Life Assurance Co., 613 So.2d 478 (Fla. 2d DCA 1992); Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992); Onderko v. Advanced Auto Ins., Inc., 477 So.2d 1026 (Fla. 2d DCA 1985).
When two innocent parties, such as FAF and Reyes, are injured by a third, such as Schwag, either by negligence or fraud, the one who made the loss possible must bear legal responsibility. See In re Int'l Forum of Florida Health Benefit Trust v. South Broward Hosp. Dist., 607 So.2d 432 (Fla. 1st DCA 1992), review denied, 618 So.2d 210 (Fla.1993). By signing a number of necessary forms without thoroughly reading them, Reyes was the party who created the situation that caused the loss to FAF. Ordinarily, therefore, Reyes would not enjoy a superior position to the completely innocent party, FAF, as he created the situation that allowed Schwag to commit fraud and made FAF's loss possible. See Shuttie v. Festa Restaurant, Inc., 566 So.2d 554 (Fla. 3d DCA 1990); Jones v. Lally, 511 So.2d 1014 (Fla. 2d DCA 1987), review denied, 519 So.2d 987 (Fla. 1988).
However, the contract between Reyes and Schwag included the following Federal Trade Commission notice provision which is required by federal law:

*218 NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH PROCEEDS HEREAFTER. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
See 16 C.F.R. Sec. 433.2 (1997). "The effect of th[is] federal rule is to defeat the holder in due course status of the assignee institutional lender, thus removing the lender's insulation from claims and defenses which could be asserted against the seller by the consumer." Tinker v. De Maria Porsche Audi, Inc., 459 So.2d 487, 492 (Fla. 3d DCA 1984), review denied, 471 So.2d 43 (Fla.1985).
The fraud committed by Schwag is a complete defense to the action by FAF, the holder in due course, against Reyes. FAF was subject to the same claims and defenses that Reyes could have asserted against Schwag. The Honda documents which Reyes signed contained the Federal Trade Commission rule, and thus preserved Reyes' defenses against Schwag and FAF. The trial court's ruling was based on substantial competent evidence and should not be disturbed.
AFFIRMED.