PER CURIAM.
We conclude that the decedent was bound by the contents of the insurance application he signed, see Allied Van Lines, Inc. v. Bratton, 351 So.2d 344, 347-48 (Fla.1977); Florida Automobile Finance Corporation v. Reyes, 710 So.2d 216, 217 (Fla. 3d DCA 1998), and that, under the circumstances, the appellee insurer was entitled to rescind the insurance policy. See Continental Assurance Co. v. Carroll, 485 So.2d 406, 409 (Fla.1986); Smart v. Time Insurance Co., 419 So.2d 686, 686-87 (Fla. 1st DCA 1982).
We also affirm with respect to the appellant widow’s claim that the appellee has not properly refunded the insurance premium of $3141.85. This life insurance policy was purchased through First Union National Bank of Florida, as agent for the appellee insurer. The record indicates that the portion of the premium which went to the appellee insurance company, together with the commission which went to First Union, in the total amount of $3141.85 was credited by First Union to the appellant’s loan account. Whether First Union was allowed under the loan documents to credit the premium refund against the loan account, as opposed to returning the entire premium to the appellant borrower, is a question not now before us, and First Union is not a party to the present appeal. Our affirmance as to the appellee insurance company is without prejudice to the appellant to pursue the point with First Union.
The summary judgment is affirmed.