STONE, J.
Huff Groves Trust, Vista Packing Company, Dearhardt Groves, Inc., T & T Enterprises, Gardner Harvesting, Inc., and Nevins Fruit Co., Inc. (Plaintiffs) appeal the final summary judgment entered against them and in favor of Via North America, Inc. (VNA) and Compagnie Fin-anciere de Paribas (BNP). We affirm.
Caulkins, a subsidiary of VNA and BNP, operates a citrus processing facility in In-diantown. Each growing season, Caulkins purchases fruit from area growers under “fruit participation contracts,” a pooling arrangement.
Each of the plaintiffs sold fruit to Caul-kins for processing in various of the growing seasons between 1988 and 1994. The initial complaint alleged several breaches of those contracts.
In August 2000, just before trial was set to begin in the contract case, the plaintiffs filed an amended complaint against Caul-kins for civil theft under sections 772.11 and 812.014, Florida Statutes (1999). VNA and BNP were also named as defendants.
The complaint, as amended, alleged that Caulkins engaged in practices that included keeping excess over yield during processing and, thus, lowering the pool returns, improperly charging interest on borrowed money to the pool return, improperly charging depreciation to pool returns, and keeping the premium on Caul-kins’ exported concentrate. The complaint further alleged that Caulkins “deliberately and actively” concealed changes in business practices that negatively impacted the plaintiffs in computing their respective percentage shares, and engaged in fraudulent misrepresentations to perpetuate concealment of the altered practices.
We find no error in the trial court’s granting of summary judgment on the civil theft action in favor of VNA and BNP, where the claims were barred by the five-year statute of limitations of section 772.17. We, therefore, do not address the other grounds asserted in support of the motion.
Civil theft is defined as follows:
(1) A person commits theft if he or she knowingly obtains or uses or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his or her own use or to the use of any person not entitled thereto.
§ 812.014, Fla. Stat. (1999).
The statute of limitations applicable to civil theft provides:
Notwithstanding any other provision of law, a civil action or proceeding under this chapter may be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues.
§ 772.17, Fla. Stat. (1999). A cause of action is said to accrue when the last element constituting the cause of action occurs. § 95.031(1), Fla. Stat. (1999).
Here, the statute of limitations had expired where the suit for civil theft was filed more than five years after the last pay-out to any of the plaintiffs. The record reflects no dispute that the last pool pay-out, through which VNA and BNP allegedly committed the thefts, was made in April 1995 to Nevins, who had a contract for the 1993-94 growing seasons. The pay-outs in transactions with the oth *925 er plaintiffs were even earlier. Therefore, at the latest, the cause of action accrued in April 1995, making April 2000 the latest point in which an action in civil theft could be brought. Here, however, the action was not brought until August 2000, which exceeds the five-year limitations period by several months.
We recognize that, as the plaintiffs argue, an action is not barred by the five-year statute where misrepresentations delay discovery of the tort. The “delayed discovery” doctrine “provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action.” Hearndon v. Graham, 767 So.2d 1179, 1184 (Fla.2000). Therefore, once the plaintiff knows or reasonably should know of a tortious act, the action accrues and the statute of limitations is triggered. Id.
It is not necessary, however, that the plaintiff know all the elements of the alleged cause of action at that time. See Korman v. Iglesias, 825 F.Supp. 1010, 1014 (S.D.Fla.1993); see also Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992).
Here, even applying the delayed discovery doctrine, each of the plaintiffs should reasonably have been on notice of the possible invasion of legal rights well before August 1995, the five year mark from which the suit was actually filed. All of the plaintiffs had received their substantially reduced pool returns well before that time. Therefore, even under the doctrine, the cause of action accrued around April 1995, when all the plaintiffs should reasonably have known of the possible invasion of legal rights. Although the plaintiffs may not have been aware of all the facts or elements of the cause of action until later, such knowledge is not required for the cause of action to accrue. See Korman, 825 F.Supp. at 1014 (holding that the limitations period begins to run when a plaintiff has notice of the “possible invasion of his legal rights” and it is not imperative that the plaintiff know of all elements of the cause of action).
Therefore, as such is patently the case here, the judgment is affirmed, where the statute of limitations had expired by the time the suit was filed.
POLEN, C.J., and DAVIDSON, LISA, Associate Judge, concur.