# Third District Court of Appeal

## State of Florida

Opinion filed January 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1254
Lower Tribunal No. 18-10719 SP
_____

**All X-Ray Diag. Serv. Corp., a/a/o Susel Martinez Morejon**,
Appellant,

vs.

**United Automobile Insurance Company**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Christian Carrazana, P.A., and Christian Carrazana, for appellant.

Cole, Scott & Kissane, P.A., and Nicholas Bastidas and Michael A. Rosenberg (Plantation), for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

PER CURIAM.

Affirmed. See § 627.409, Fla. Stat. (2017) (providing, inter alia, that an omission or concealment made by or on behalf of an insured in an insurance application may prevent recovery under the policy if (1) the omission or concealment is material to the acceptance of the risk or to the hazard assumed by the insurer; and (2) had the true facts been known to the insurer, the insurer in good faith would not have issued the policy or would not have issued it at the same premium rate); Rodriguez v. Responsive Auto. Insur. Co., 48 Fla. L. Weekly D1557, 2023 WL 5061776 (Fla. 3d DCA Aug. 9, 2023) (holding insurance agent's purported act of completing blank fields in application without obtaining information that insured drove for ride-sharing service was insufficient to overcome insured's duty to learn contents of application prior to signing it). See also All Fla. Sur. Co. v. Coker, 88 So. 2d 508, 510-11 (Fla. 1956) ("A party to a written contract cannot defend against its enforcement on the ground that he signed it without reading it, unless he aver[s] facts showing circumstances which prevented his reading the paper, or was induced by the statements of the other parties to desist from reading it."). Rivero v. Rivero, 963 So. 2d 934, 938 (Fla. 3d DCA 2007) (recognizing Florida courts have consistently held that "parties to a written instrument have a duty to learn and understand the contents of that instrument before signing it") (quoting Keller v. Reed, 603 So. 2d 717, 720 (Fla. 2d DCA 1992)).