WALLACE, Judge.
A jury found Homero Mendiola, III, guilty of one count of first-degree felony murder and three counts of robbery with a deadly weapon. The trial court sentenced Mr. Mendiola to life in prison on the felony murder conviction and to ten years in prison on each of the three robbery convictions. The trial court designated the sentences to run concurrently. Mr. Mendiola appeals his judgment and sentences.
On appeal, Mr. Mendiola raises a single point concerning the trial court’s denial of his motion to suppress his confession. We find no error, and the issue does not warrant further discussion. Accordingly, we affirm Mr. Mendiola’s judgment and sentences. However, we write briefly to mention the life sentence without the possibility of parole imposed on Mr. Mendiola, a juvenile, for first-degree felony murder.
Mr. Mendiola committed his offenses on August 8 and 9, 2008. At that time, he was seventeen years old.[1] Mr. Mendiola and his two codefendants robbed three men. The record reflects that one of the codefendants — not Mr. Mendiola— fired a revolver and killed one of the three men. The trial court sentenced Mr. Men-diola on October 6, 2011. On appeal, Mr. Mendiola does not challenge his life sentence.
This court determined in Arrington v. State, 113 So.3d 20 (Fla. 2d DCA Jan. 18) (supplemental opinion after withdrawal of mandate), review denied, 104 So.3d 1087 (Fla.2012), that the categorical rule announced in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), that the Eighth Amendment prohibits imposition of a life sentence without parole on a juvenile who commits a “nonhomi-cide” offense, does not apply to a juvenile convicted of felony murder when someone else actually committed the murder. However, we also concluded in Arrington “that Florida’s statutorily mandated life-without-parole sentence for juveniles convicted of felony murder when they were not the actual killer raises a sufficient risk of a cruel and unusual sentence that trial courts must consider whether such a sentence is proportionate given the circumstances of the juvenile’s crime.” 82 So.3d 1082.
Here, the trial court sentenced Mr. Mendiola immediately following the conclusion of the trial. Defense counsel agreed that the trial court had no discretion in sentencing Mr. Mendiola on the first-degree felony murder conviction and that the only possible sentence was life without the possibility of parole. No one raised an issue with regard to Graham, and the sentencing occurred approximately three months before this court issued its decision in Arrington. The record does not reflect the filing in the trial court of a motion to correct sentence in accordance with Florida Rule of Criminal Procedure 3.800(b)(1). Moreover, counsel for Mr. Mendiola has not filed in this court a notice of a pending motion to correct sentencing error under Florida Rule of Crimi *1007 nal Procedure 3.800(b)(2). Thus we do not reach the issue of the legality of Mr. Men-diola’s life sentence without the possibility of parole for the first-degree felony murder conviction.
Affirmed.
DAVIS and LaROSE, JJ., Concur.

. The record reflects that Mr. Mendiola's date of birth is April 29, 1991.